599 A.2d 1350

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**James Melvin SMITH.**

Superior Court of Pennsylvania.

Argued Oct. 3, 1991.

Filed Dec. 5, 1991.

Paula Aigner, Asst. Dist. Atty., Hollidaysburg, for Com., appellant.

Terry W. Despoy, Altoona, for appellee.

Before TAMILIA, KELLY and MONTGOMERY, JJ.

TAMILIA, Judge:

The Commonwealth appeals from the February 28, 1991 Order of the trial court excluding from trial scientific evidence pertaining to the results of DNA testing.

On April 19, 1990, appellee was charged with rape, statutory rape and corruption of minors. The crimes were allegedly perpetrated against the eight year old step-daughter of the appellee. At a preliminary hearing on June 29, 1990, the district attorney's office learned that seminal fluid was identified on the dress of the victim. Although DNA

testing was supposed to be initiated at that time, it was not until the first week of October, 1990, the district attorney's office became aware that blood samples from the appellee, required for DNA testing, had not been obtained. The blood samples used in the testing, however, were not taken until January 15, 1991. On February 25, 1991, about one week before the trial was to begin, the Commonwealth advised defense counsel they intended to use at trial a summarized preliminary report of the DNA test results. When the district attorney's office received the preliminary report, they immediately electronically transmitted a copy of the report to appellee's counsel. The Commonwealth did not have the full report at the time of the suppression hearing. On February 27, 1991, appellee filed a pretrial motion seeking suppression of the DNA evidence, or in the alternative, the grant of a continuance and appointment of an expert to analyze the DNA results. The trial court granted appellee's suppression motion, finding the Commonwealth clearly violated the mandatory disclosure requirements of Pa.R.Crim.P. 305 B.[1] The trial court also stated the Commonwealth's appeal was not proper because the notice of appeal did not contain a good faith certification that the exclusion of the DNA report terminated or substantially handicapped the prosecution. *See Commonwealth v. Dugger*, 506 Pa. 537, 486 A.2d 382 (1985).

The Commonwealth argues and we agree the trial court improperly suppressed the DNA report based upon an

---

1. RULE 305. PRETRIAL DISCOVERY AND INSPECTION
   B. *Disclosure by the Commonwealth.*
   (1) *Mandatory.* In all court cases, on request by the defendant, and subject to any protective order which the Commonwealth might obtain under this rule, the Commonwealth shall disclose to the defendant's attorney all of the following requested items or information, provided they are material to the instant case. The Commonwealth shall, when applicable, permit the defendant's attorney to inspect and copy or photograph such items.
   . . . .
   (e) results or reports of scientific tests, expert opinions, and written or recorded reports of polygraph examinations or other physical or mental examination of the defendant, which are within the possession or control of the attorney for the Commonwealth.

erroneous application of Rule 305 B. The record is insufficient to support the accusations made by the trial court of deliberate delay on the part of the Commonwealth. Additionally, suppressing the DNA evidence would substantially interfere with the Commonwealth's attempts to prosecute appellee, since, if the child was found to be incompetent to testify, the suppressed evidence would be the only evidence linking appellee to the crime.

■ The Commonwealth's appeal of a suppression Order is proper as an appeal from a final Order when the Commonwealth certifies in good faith that the suppression Order terminates or substantially handicaps its prosecution. *Dugger, supra.* As noted above, the trial court held this appeal to be improper in that the notice of appeal did not contain such a good faith certification.

There is no explicit requirement in *Dugger* or its progeny that the certification be made specifically in the notice of appeal. In *Commonwealth v. Jenkins,* 401 Pa.Super. 580, 585 A.2d 1078 (1991), this Court stated: "The Commonwealth, in its brief to us, asserts that the grant of the motion to suppress effectively terminates its prosecution of the defendant. As such, this case is properly before us for review." *Id.,* 401 Pa.Superior Ct. at 581 n. 1, 585 A.2d at 1079 n. 1 (citations omitted). In *Commonwealth v. Martinson,* 368 Pa.Super. 130, 533 A.2d 750 (1987), we stated: "[a]n order suppressing evidence is appealable when it is apparent from the record that the order terminates or substantially handicaps the prosecution." *Id.,* 401 Pa.Superior Ct. at 133 n. 1, 533 A.2d at 751 n. 1 (citation omitted). Based upon the record and the fact the only other evidence *linking appellee to the crime* is the testimony of the victim, who could be deemed incompetent to testify, the Commonwealth properly set forth in its brief to us a good faith certification that suppression of the DNA evidence would terminate or substantially handicap its prosecution.

■ Next, we must determine if the trial court properly suppressed the DNA report under Rule 305 B. Our standard of review on appeal from a suppression ruling is

limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are in error. *Commonwealth v. Lopez*, 525 Pa. 185, 579 A.2d 854 (1990).

■ As soon as the Commonwealth came into possession of the DNA test results, it complied with the mandates of Rule 305 B (*see* footnote 1). The trial court erred in holding the Commonwealth violated Rule 305 B just because it may not have been very diligent in obtaining appellee's blood sample for use in the DNA testing. If the trial court had been correct in holding the Commonwealth violated Rule 305 B, the proper remedy under Rule 305 E, Remedy, would have been to grant appellee's motion for a continuance to allow time for the final DNA report to be prepared and subsequently examined by appellee's experts.

The appellee cites *Commonwealth v. Leach*, 50 Pa. D. & C. 3d 234 (1988), in support of his position the trial court properly suppressed the DNA test results. In *Leach*, the record revealed the Commonwealth had been aware of the existence of the evidence in question for nearly a year prior to trial but deliberately withheld it from the defense. However, in the present matter, the Commonwealth received the evidence only a few days prior to trial and immediately notified appellee after receiving the report. Even though the Commonwealth was aware almost nine months before trial that there were grounds to do DNA testing, this knowledge cannot be considered evidence. The results of the test, moreover, could have exculpated appellee in which case suppression could have had dire consequences for appellee.

Appellee cites *Commonwealth v. Bennett*, 320 Pa.Super. 150, 466 A.2d 1362 (1983), *Commonwealth v. Hadfield*, 344 Pa.Super. 470, 496 A.2d 1201 (1985), and *Commonwealth v. McCutcheon*, 339 Pa.Super. 8, 488 A.2d 281 (1985), in support of his argument the Commonwealth's negligent handling of this case should not be overlooked because this Court has in the past condemned the type of actions or inactions of the Commonwealth which lead to confusion and

mismanagement of a given case. In all three of these cases, the Court addressed whether the Commonwealth acted with due diligence in bringing the case to trial pursuant to Pa.R.Crim.P. 1100. Without addressing the facts of these cases, which are nonetheless distinguishable, we find the cases unpersuasive because we are reviewing the trial court's suppression ruling under Rule 305 B and not Rule 1100.

For these reasons we reverse the trial court's suppression Order and remand the case for trial, noting appellee should be given time and the opportunity to have an expert examine the report prior to trial.

Order reversed; case remanded in accordance with this Opinion.

Jurisdiction relinquished.