632 A.2d 319

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Elias TORRES.**

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Moises CRUZ.**

Superior Court of Pennsylvania.

Argued May 12, 1993.

Filed Oct. 28, 1993.

---

Karen L. Grigsby, Asst. Dist. Atty., Philadelphia, for Com., appellant.

Kathleen E. Martin, Philadelphia, for Torres, appellee.

Peter C. Bowers, Philadelphia, for Cruz, appellee.

Before POPOVICH, HOFFMAN and HESTER, JJ.

HOFFMAN, Judge:

This is a consolidated appeal, by the Commonwealth, from an order granting appellees' motion to suppress physical evidence resulting from a warrantless search. The Commonwealth, presents the following issues for our review:

1. Did the lower court err in holding that police needed a warrant to walk onto commercial property open to the public?

2. Did the lower court err in holding that the officers' inspection of an auto body shop was not consensual, where the record shows that one officer waited at the garage door while the other officer asked defendant whether they could look around inside, and that, when defendant granted them permission, the three men then entered the garage together?

3. Did the lower court err in holding 75 Pa.C.S.A. § 6308 unconstitutional, where the lower court's ruling as premised on case law which was not precedential when written and has since been expressly rejected by the Pennsylvania Supreme Court, and where correct analysis under both state and federal case law compels the conclusion that the statute is constitutionally valid?

Appellant's Brief at 3. For the reasons set forth below, we reverse.

In reviewing an order granting a motion to suppress, an appellate court may consider:

only the evidence of the defendant's witnesses and so much of the Commonwealth's evidence that, read in the context of the record as a whole, remains uncontradicted. Furthermore, our scope of appellate review is limited primarily to questions of law. We are bound by the suppression court's findings of fact if those findings are supported by the record. Factual findings wholly lacking in evidence, however, may be rejected.

*Commonwealth v. Marconi*, 408 Pa.Super. 601, 607, 597 A.2d 616, 619 (1991) (citations omitted), *appeal denied*, 531 Pa. 638, 611 A.2d 711 (1992).

Applying this standard of review, the relevant facts are as follows. On or about October 24, 1991, at approximately 10:17 a.m., police officers Frederick Hale and Francis Green investigated a report of a stolen vehicle outside the premises of 3517 North 7th St. in Philadelphia. At that location they found a 1984 Buick Regal which had previously been reported stolen. Five car lengths away, the officers saw a 1985 Oldsmobile Cutlass which had also been reported stolen. The engine was still warm, the steering column had been broken and the doors locked. (N.T. 1/30/92 at 11).

In the driveway of 3545 North 7th Street, Officer Green noticed five men, including appellees, Elias Torres and Moises Cruz, congregated around a red Camaro which was attached to a tow truck. The men were attempting to remove the windshield of the Camaro. Officer Green spoke with the men and walked up the driveway where he peered into the garage. (N.T. 1/30/92 at 41).

Officers Green and Hale conferred and agreed to pursue the matter further. Officer Hale inquired if the garage was an autobody shop. Appellee–Torres, stated that it was and that he was in charge. Torres gave the officers permission to look around. The officers then entered the garage with Torres. An inspection of the Vehicle Identification Numbers (VINs) revealed that some of the cars had been stolen. Subsequently, a warrant was executed, the vehicles were seized and all five men were arrested. However, only appellees, Torres and Cruz, were kept in custody. (Trial opinion 1–3).

Pre–Trial motions were filed. Subsequently, appellees motion to suppress evidence for lack of probable cause to justify the search was granted. This timely appeal followed.[1]

Appellant first contends that the trial court erred in holding that police needed a warrant to walk onto commercial property that was open to the public. We agree.

1. The Commonwealth asserts that this order substantially handicaps its prosecution of this case. See Appellant's Brief at 1. The appeal is therefore properly before this court. *Commonwealth v. Dugger*, 506 Pa. 537, 486 A.2d 382 (1985).

The fourth amendment protects individuals against unreasonable searches and seizures. *See Commonwealth v. Cihylik*, 337 Pa.Super. 221, 226, 486 A.2d 987, 989 (1985). This protection extends to commercial as well as private property. *See Commonwealth v. Buckman*, 393 Pa.Super. 453, 461, 574 A.2d 697, 701 (1990). However, an individual must first demonstrate that he had a legitimate expectation of privacy in the area being searched. *Commonwealth v. Oglialoro*, 525 Pa. 250, 255–56, 579 A.2d 1288, 1290 (1990). An expectation of privacy is present when the individual, by his conduct, " 'exhibits an actual (subjective) expectation of privacy' and the subjective expectation 'is one that society is prepared to recognize as "reasonable" '. *Oglialoro*, at 256, 579 A.2d at 1290–91. The challenger must protect his right to privacy from the view of others. *Oglialoro*, at 257, 579 A.2d at 1291. "The mere looking at that which is open to view is not a search." *Id.* (finding no expectation of privacy where windows left open so that "any passerby might peer into one's dwelling") (citations omitted). Furthermore, "the mere observation of evidence from a lawful vantage point is generally deemed not to invade a reasonable expectation of privacy and therefore not constitute a search." *Commonwealth v. Carelli*, 377 Pa.Super. 117, 132, 546 A.2d 1185, 1192 (1988), *appeal denied* 521 Pa. 609, 557 A.2d 341 (1989).

In the instant case, appellees did not have a legitimate expectation of privacy in the driveway, nor were their privacy rights offended by the officer's peering through the garage's open door. The location in question was, a small autobody shop, which was open to the public. The officers had arrived at the shop during regular business hours. There was no indication given that Officer Green was trespassing. We cannot proscribe officers from entering business premises, during business hours, in a manner expected of the public. *Buckman*, 393 Pa.Super. at 469, 574 A.2d at 705 ("a business man does not possess a reasonable expectation of privacy in commercial premises to the extent that he knowingly exposes the premises to the general public"). Consequently, Officer Green was properly on the driveway when he peered through

the garage door. Moreover, as the garage door was open, Officer Green did not infringe any privacy rights by looking into the garage. *Oglialoro,* 525 Pa. at 259, 579 A.2d at 1291 ("[a]s long as the police have the right to be where they are, and the activity is clear and visible, the fact that they were peering into curtilage is of no significance").

■ Appellant next contends the trial court erred in finding that Officer Green entered the garage before the officers had received valid consent from Torres. We agree.

In the instant case, there is no testimony to support the inference that Officer Green entered the garage before Torres permitted the search. *See Commonwealth v. Lagamba,* 418 Pa.Super. 1, 6, 613 A.2d 1, 3 (1992) (in reviewing a motion to suppress, an appellate court is not bound by factual findings which are not supported by the record). To the contrary, the testimony reveals that Officer Green accompanied Torres and Officer Hale into the garage after Torres had agreed to allow them to look around. Additionally, Torres' consent to the search was given freely and intelligently. *See Commonwealth v. Bagley,* 408 Pa.Super. 188, 201, 596 A.2d 811, 817 (1991), *appeal denied,* 531 Pa. 637, 611 A.2d 710 (1992). Torres had informed the officers that he was in charge of the garage. He further indicated his authority by granting them permission to search the garage. His authority was not challenged by any of the four men present, including appellee Cruz. He accompanied and aided the officers in their search and presented documents to them at their request. *Commonwealth v. Elliot,* 376 Pa.Super. 536, 553, 546 A.2d 654, 662 (1988), *appeal denied,* 521 Pa. 617, 557 A.2d 721 (1989), *and Elliot appeal of,* 521 Pa. 621, 557 A.2d 724 (1989) (consent obviates the need for a search warrant if given by someone who has the authority to do so). The officers had therefore received valid consent to search the garage.

■ Finally, appellant contends that the trial court erred in ruling that 75 Pa.C.S.A. § 6308 is unconstitutional.[2]

2. Appellees, failure to object to this court's jurisdiction on or before the last day for the filing of the record operates to perfect this court's

In the instant case, the trial court had determined that the officers' search of the garage had violated the Fourth Amendment. That court, therefore, properly decided to address the issue of the constitutionality of 75 Pa.C.S.A. § 6308. As we find the officers' search of the garage was lawful, there is no need to determine the constitutionality of 75 Pa.C.S.A. § 6308.

Accordingly, we reverse the order granting the motion to suppress the evidence.

Order to suppress the evidence reversed.

jurisdiction. Pa.R.A.P. 741. *See, e.g., Commonwealth v. Buckman,* 393 .Pa.Super 453, 574 A.2d 697 (1990). Additionally, as the determination of the constitutionality of 75 Pa.C.S.A. § 6308 is not dispositive of this case, and we do not address this issue, this appeal is properly before this court. *See Commonwealth v. Dunn,* 478 Pa. 35, 385 A.2d 1299 (1978) (that the constitutionality of a statute is raised as an issue on appeal, does not necessarily confer appellate jurisdiction to the Supreme Court).