671 A.2d 674

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Lawrence J. MALINOWSKI, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 20, 1995.

Decided Feb. 22, 1996.

352

Jack F. Conflenti, Pittsburgh, for L. Malinowski.

Claire C. Capristo, Kemal Alexander Mericli, Pittsburgh, for Commonwealth.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

### OPINION

NIX, Chief Justice.

Appellant, Lawrence J. Malinowski, appeals from the Order of the Superior Court which reversed the Court of Common Pleas of Allegheny County which granted Appellant's motion to dismiss for a violation of Rule 1100 of the Pennsylvania Rules of Criminal Procedure.

On March 17, 1991, Appellant was stopped by police officers for erratic driving. The officers suspected that Appellant was under the influence of alcohol and requested that he submit to a breathalyzer test. Appellant acquiesced and was tested on a machine purportedly calibrated and maintained in accordance with regulations promulgated by the Pennsylvania Departments of Health and Transportation. The results of his breathalyzer test indicated that Appellant had a blood alcohol content of .24%. Consequently, Appellant was charged with driving under the influence to a degree which renders a person incapable of safe driving [1] and driving while the amount of alcohol by weight in the blood of a person is .10% or greater.[2]

Appellant filed a motion to suppress the results of the breathalyzer test as a result of information learned through the discovery process. Specifically, Appellant discovered that on January 11, 1991, another individual had been tested on the same machine and that the results from his two consecutive tests deviated from one another by .02% or greater in violation of 67 Pa.Code § 77.24(b)(2)(i).[3] Instead of taking the machine out of service, as required by 67 Pa.Code § 77.24(c),[4] the

1. 75 Pa.C.S. § 3731(a)(1).

2. 75 Pa.C.S. § 3731(a)(4).

3. 67 Pa.Code § 77.24(b)(2)(i) provides, in pertinent part:

(b) .... The procedures for alcohol breath testing shall include, at a minimum:

(1) Two consecutive actual breath tests, without a required waiting period between the two tests.

(2) .... The test results will be disregarded, and the breath test device will be removed from service under § 77.25(b)(4) (relating to accuracy inspection tests for Type A equipment) if one of the following occurs:

(i) If the difference between the results of the two actual alcohol breath tests is .02 or more, for machines read to the second decimal place, or .020 or more for machines read to the third decimal place.

4. 67 Pa.Code § 77.24(c) provides, in pertinent part:

(c) Procedures for adjustment. Breath test equipment which fails the testing under § 77.25(b) or subsection (b) shall be placed out of service and shall be serviced, repaired and adjusted ... prior to being placed back into service. In addition, the breath test device shall be tested under subsection (b) prior to being placed back into service.

machine remained in service and was recalibrated on January 29, 1991, during its annual inspection.

The trial court granted Appellant's motion to suppress, finding that the Commonwealth had failed to remove the machine from service or, in the alternative, failed to satisfy its burden of explaining how the deviation occurred. *Commonwealth v. Malinowski*, No. 91–4691, slip op. at 10 (C.P. Allegheny County Mar. 5, 1993). In response to the court's ruling, the Commonwealth filed a notice of appeal to the Superior Court, but at some point prior to the deadline for filing briefs, the Commonwealth withdrew its appeal and attempted to proceed with its case. *Commonwealth v. Malinowski*, 439 Pa.Super. 670, 653 A.2d 1302 (Pa.Super.1994). At no time, however, did the Commonwealth ever certify that the suppression order effectively terminated or substantially handicapped its prosecution pursuant to this Court's pronouncement in *Commonwealth v. Dugger*, 506 Pa. 537, 486 A.2d 382 (1985).

Subsequently, Appellant filed a motion to dismiss alleging that the Commonwealth had failed to bring him to trial within the time period mandated by Rule 1100.[5] Notwithstanding

5. Rule 1100 provides, in pertinent part:
 (a)(3) Trial in a court case in which a written complaint is filed against the defendant, where the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed.
 . . . .
 (g) For defendants on bail after the expiration of 365 days, at any time before trial, the defendant or the defendant's attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this rule has been violated. A copy of such motion shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon.
 If the court, upon hearing, shall determine that the Commonwealth exercised due diligence and that the circumstances occasioning the postponement were beyond the control of the Commonwealth, the motion to dismiss shall be denied and the case shall be listed for trial on a date certain. If, on any successive listing of the case, the Commonwealth is not prepared to proceed to trial on the date fixed, the court shall determine whether the Commonwealth exercised due diligence in attempting to be prepared to proceed to trial. If, at any time, it is determined that the Commonwealth did not exercise due diligence, the court shall dismiss the charges and discharge the defendant.

the Commonwealth's filing of a notice of appeal from the suppression order, Appellant argued that the Commonwealth's failure to comply with the *Dugger* certification rendered the Commonwealth's appeal a nullity because the Commonwealth did not have a right to appeal absent the proper certification. As such, the Commonwealth was not entitled to exclude the time period encompassed by the appeal from the computation of Appellant's right to a prompt trial under Rule 1100.

The Commonwealth opposed the dismissal of the charges. It claimed that it had not violated Rule 1100 because it had filed a notice of appeal of the trial court's suppression order. Such a filing, the Commonwealth contended, tolls the running of Rule 1100 because it divests jurisdiction from the trial court.

The trial court agreed with Appellant and concluded that the Commonwealth failed to properly certify the appeal from its suppression ruling. *Commonwealth v. Malinowski,* No. 91–4691, slip op. at 3 (C.P. Allegheny County Feb. 7, 1994). As such, the trial court refused to exclude that time in calculating Appellant's Rule 1100 motion. *Id.* at 13. In addition, the trial court found that the Commonwealth attempted to delay the case by filing the notice of appeal in the first place. *Id.* The trial court dismissed the charges because it determined that the time period encompassed by the Commonwealth's appeal was not excludable, that the Commonwealth attempted to delay the case, and that Appellant was not brought to trial within the time frame provided in Rule 1100.[6] *Id.*

In the event the case is dismissed pursuant to this subsection, the court shall promptly prepare a report of continuances by the Commonwealth, and the reasons therefor, which prevented the case from coming to trial as required by this rule. Such report shall be certified by the President Judge or Administrative Judge, shall be made part of the public record of the case, and shall be sent to the Court Administrator of Pennsylvania within 20 days of the order of discharge. Pa.R.Crim.P. 1100.

6. At this point we note that Appellant's counsel failed to provide us with, cite to, or even acknowledge the existence of Judge Cashman's thirteen page opinion addressing the dismissal of charges. This is in contravention of Rule 2111(b) of the Pennsylvania Rules of Appellate

On appeal, the Superior Court reversed concluding that the trial court erred in finding that no appeal had been perfected by the Commonwealth because it failed to comply with the certification requirements. *Commonwealth v. Malinowski,* 439 Pa.Super. 670, 653 A.2d 1302 (Pa.Super., 1994). The Superior Court held that

> [b]ecause the Rules of Appellate Procedure make it clear that the filing of a notice of appeal perfects that appeal, the appeal was valid at that point, and the time period between filing the notice of appeal and when the Commonwealth discontinued its appeal is excludable time under Pa. R.Crim.P. 1100.

*Id.* at 3 (citation omitted). Because the Superior Court determined that the time should have been excluded, the court presumably found it unnecessary to consider the trial court's finding that the Commonwealth attempted to delay this case.

The first issue that this Court must address is whether the Commonwealth's failure to include a *Dugger* certification in its appeal of the suppression order tolls the running of Rule 1100. In *Commonwealth v. Dugger,* 506 Pa. 537, 486 A.2d 382 (1985), this Court held that "the Commonwealth's appeal of a suppression order is proper as an appeal from a final order when the Commonwealth certifies in good faith that the suppression order terminates or substantially handicaps its prosecution." *Id.* at 546–47, 486 A.2d at 386.

Appellant contends that the failure of the Commonwealth to comply with *Dugger* renders an otherwise proper appeal invalid. As such, Appellant argues that an invalid appeal cannot toll the running of Rule 1100. The Commonwealth, on the other hand, maintains that notwithstanding its failure to file a formal *Dugger* certification with its notice of appeal, the mere

Procedure. Rule 2111(b) provides that "[t]here shall be appended to the brief a copy of any opinions delivered by any court ... below relating to the order or other determination under review, if pertinent to the questions involved."

Because the omitted opinion is in support of Appellant's position, this Court is reasonably certain that counsel was not trying to mislead this Court. Notwithstanding that fact, counsel's actions caused a significant misconception as to the events that transpired below.

act of filing the notice of appeal is all that is required to toll the running of Rule 1100.

The Commonwealth premises its argument on Rule 902 of the Pennsylvania Rules of Appellate Procedure, which provides:

An appeal permitted by law as of right from a lower court to an appellate court shall be taken by filing a notice of appeal with the clerk of the lower court within the time allowed by Rule 903 (time for appeal). Failure of appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but it is subject to such action as the appellate court deems appropriate, which may include, but is not limited to, remand of the matter to the lower court so that the omitted procedural step may be taken.

Pa.R.A.P. 902. Moreover, the Commonwealth cites the note following Rule 902 to buttress its position that it need only file the notice of appeal to toll the running of Rule 1100. The pertinent part of the note reads that "the new procedure necessarily eliminates the 'trap' of failure to perfect an appeal, since the notice of appeal is self-perfecting. . . ." Pa.R.A.P. 902 note 4.

We find that the Commonwealth's reliance on Rule 902 and its accompanying note in this case is misplaced because Rule 902 only addresses appeals as a matter of right. The Commonwealth filed its notice of appeal pursuant to Rule 341(c) [7] of the Pennsylvania Rules of Appellate Procedure, which provides that for criminal orders "[a]n Appeal may be taken by the Commonwealth from any final order in a criminal matter *only in the circumstances provided by law.*" Pa. R.A.P. 341(c) (emphasis added). This Court has interpreted "circumstances provided by law" to mean that "the Commonwealth's appeal of a suppression order is proper as an appeal from a final order *when the Commonwealth certifies in good faith that the suppression order terminates or substantially*

---

**7.** This rule has since been replaced by Pa.R.A.P. 311(d). Both parties stipulate in their briefs that Pa.R.A.P. 341(c) governs this particular adjudication. Brief for Appellant at 12; Brief for Appellee at 22.

358

*handicaps its prosecution."* *Commonwealth v. Dugger,* 506 Pa. 537, 546–47, 486 A.2d 382, 386 (1985) (emphasis added).

Thus, while it is true that an appeal by the Commonwealth of a suppression court ruling is appealable as a matter of right, it is so *only* if the Commonwealth certifies that the ruling terminates or substantially handicaps the prosecution. We have not required the Commonwealth to prove that burden; rather, we have held that it is the certification that precipitates and authorizes the appeal. *Id.* at 547, 486 A.2d at 386. Without the certification, the Commonwealth has no right to appeal. Without a right to appeal, it must be said that the Commonwealth failed to exercise due diligence by filing the appeal.

Accordingly, we hold that the failure to comply with the *Dugger* certification renders the suppression order unappealable. To interpret Rule 902 in this case to mean that the Commonwealth need not certify that the suppression order terminates or substantially handicaps the prosecution would render this Court's holding in *Dugger* a nullity. This we will not do. Thus, we require that in addition to the requirements laid out in Rule 904 of the Pennsylvania Rules of Appellate Procedure, the Commonwealth, when appealing a suppression order, must include a statement, made in good faith, that the suppression order terminates or substantially handicaps its prosecution.[8] "Such certification is required as a means of

8. The Commonwealth has brought to this Court's attention its practice of including its certification in its brief and not in its notice of appeal. In addition, the Commonwealth directs this Court's attention to the fact that this practice has been sanctioned by the Superior Court. *E.g. Commonwealth v. Torres,* 429 Pa.Super. 228, 231 n. 1, 632 A.2d 319, 321 n. 1 (1993), *alloc. denied, sub nom., Commonwealth v. Cruz,* 537 Pa. 658, 644 A.2d 1196 (1994); *Commonwealth v. Smith,* 410 Pa.Super. 384, 599 A.2d 1350 (1991), *appeal dismissed,* 534 Pa. 273, 632 A.2d 306 (1993).

Although we have not explicitly stated in the past at what point in the appellate process the Commonwealth must make the *Dugger* certification, we think it is a better practice to require the certification in the filing of the notice of appeal. Had the Commonwealth been able to make the certification in good faith in its notice of appeal in this case, the instant controversy would never have arisen.

preventing frivolous appeals and appeals intended solely for delay." *Dugger* at 547, 486 A.2d at 386.

■ Next we must address the propriety of the trial court's dismissal of charges under Rule 1100.[9] Rule 1100(g) directs the trial court to conduct a hearing to determine whether the Commonwealth exercised due diligence in handling its case. Pa.R.Crim.P. 1100(g). If the court determines that the circumstances occasioning the delay were beyond the control of the Commonwealth, then the motion to dismiss shall be denied. If, however, the trial court determines that the Commonwealth did not exercise due diligence, the court shall dismiss the charges and discharge the defendant. *Id.* The standard of review is whether the trial court abused its discretion. *Commonwealth v. Edwards,* 528 Pa. 103, 595 A.2d 52 (1991). We must confine our inquiry to the evidence in the record along with the findings of the trial court. *Commonwealth v. Fuchs,* 372 Pa.Super. 499, 539 A.2d 1307 (1988), *alloc. denied,* 521 Pa. 610, 557 A.2d 341 (1989).

In the instant matter, the trial court found the following:

The record in this case clearly indicates that the Commonwealth continued the underlying prosecution on a number of occasions because its essential witness, the arresting police officer, was unavailable for trial. On each and every occasion that the Commonwealth made a request for continuance, it was granted. When the suppression motion was argued and decided adversely to the Commonwealth, the Commonwealth requested an opportunity to continue the

**9.** Appellant argued in his Petition for Allowance of Appeal that because the Commonwealth failed to comply with the certification requirements the dismissal of the charges was proper. In his brief, however, Appellant also submits that the trial court did not err in dismissing the charges under Rule 1100 because the period of time consumed by the Commonwealth's prior appeal was not excludable. The Commonwealth maintains that the latter issue is waived because Appellant failed to specifically include it in his Petition for Allowance of Appeal. The dismissal of the charges, however, is a remedy for a violation of Rule 1100, not for a violation of *Dugger.* Thus, by raising the propriety of the trial court's dismissal of the charges, we must necessarily examine the Rule 1100 issue. Therefore, we do not find this issue waived.

case for the purpose of making a determination as to whether or not it would appeal.

The Commonwealth on previous occasions was not ready to proceed on either of the charges filed against Malinowski and after the suppression motion, it was left only with the question of whether or not it could proceed on the issue of the arresting officer's observation of Malinowski's physical condition. It is apparent that the Commonwealth chose to take its appeal not based upon the propriety of this Court's ruling, but the fact that it was unavailable to proceed on the one remaining claim. A review of the record in this case indicates that no reason other than delay can be suggested for the Commonwealth's appeal.... When the Commonwealth takes an appeal and then decides to withdraw that appeal for no stated reason, one can only assume that the purpose for the appeal was delay. As previously observed, the suggestion that the appeal was withdrawn based upon an adverse appellate ruling subsequent to this Court's suppression ruling, is devoid of merit. It is apparent that throughout this proceeding the Commonwealth attempted to delay this case and the purported appeal was nothing more than a tactical maneuver designed to obtain another continuance.

*Commonwealth v. Malinowski,* No. 91–4691, slip op. at 12–13 (C.P. Allegheny County Feb. 7, 1994) (footnote omitted).

Although we have stated that we do not require the Commonwealth to demonstrate the need for the appeal of a suppression order, we must examine the need in this case where the Commonwealth failed to make the certification that the suppression order effectively terminated or substantially handicapped its prosecution and the trial court concluded that the filing of the appeal was for the purpose of delay.[10] We

10. The Commonwealth asserts that it did not file the appeal for the purpose of delay and that it withdrew its appeal of the suppression order in the interests of justice. Brief for Appellee at 26. The Commonwealth contends that its withdrawal of the appeal was predicated on an adverse appellate ruling which occurred in *Commonwealth v. Thill,* 417 Pa.Super. 485, 612 A.2d 1043 (1992). *Id.* at 29.

find particularly persuasive the fact that notwithstanding the trial court's suppression of the results of the breathalyzer test, the prosecution could have proceeded under 75 Pa.C.S. § 3731(a)(1). Under section 3731(a)(1), the officer's observation as to Appellant's physical condition would have been the basis of a conviction under this section.[11] This, coupled with

In *Thill*, the Superior Court reversed the trial court, holding that the defendant's breathalyzer test results should have been suppressed because the Commonwealth had failed to comply with 67 Pa.Code § 77.24(d). Section 77.24(d) requires a laboratory, independent of the one manufacturing the simulator solution, to certify that the solution is of the proper concentration.

The Commonwealth concedes that regardless of the merits of the underlying suppression issue that it sought to appeal, the test results were nonetheless inadmissible because the Allegheny County Department of Laboratories had both manufactured and tested the simulator solution used in the breathalyzer in this case in violation of 67 Pa.Code § 77.24(d). Brief for Appellee at 27. Upon discovering the existence of *Thill*, the Commonwealth contends that it then "afforded the immediate benefit of this realization to the defense by discontinuing [the] appeal...." *Id.* at 27–28 n. 11.

However, as the trial court astutely noted, *Thill* was decided almost two months prior to the trial court's decision on the suppression motion. The Superior Court's opinion in *Thill* was filed on August 6, 1992; the suppression hearing in the instant matter was held on September 23 and 24, 1992. The Commonwealth did not file its Praecipe for Discontinuance of its appeal until April 21, 1993. Thus, more than eight months elapsed from the time *Thill* was decided until the time that the Commonwealth withdrew its appeal.

Moreover, the unexplained failure of the District Attorney's Office of Allegheny County to account for why it was unaware of *Thill* before it filed its appeal also lends credence to the trial court's finding that the appeal was filed for the purpose of delay. This is especially true when one considers that the *Thill* decision also emanated from the District Attorney's Office of Allegheny County. Thus, the Commonwealth's intimation that its original appeal of the suppression motion was filed in good faith because it was not cognizant at that time of the decision in *Thill* is simply incredulous.

11. The offense of driving under the influence of alcohol or a controlled substance is contained in 75 Pa.C.S. §§ 3731(a)(1)–(a)(5). The offense may be proven under any or all of the theories provided therein. *See Commonwealth v. Loeper,* 541 Pa. 393, 663 A.2d 669, 672 (1995). Moreover, the penalty section of the statute does not provide for different punishments for violating different provisions of the offense; nor does it provide for enhanced sentencing for simultaneously violating multiple provisions. 75 Pa.C.S. § 3731(e). Thus, although the Commonwealth is authorized to prosecute a defendant under both § 3731(a)(1) and § 3731(a)(4), a defendant is not subject to a harsher

the trial court's finding that the case had been continued on a number of occasions because of the unavailability of the prosecution's essential witness, supports the trial court's determination that the appeal of the suppression ruling "was nothing more than a tactical maneuver designed to obtain another continuance." *Commonwealth v. Malinowski*, No. 91–4691, slip op. at 13 (C.P. Allegheny County Feb. 7, 1994). Accordingly, the trial court did not abuse its discretion.

 This Court, however, agrees with the Superior Court's finding that the record does not include the necessary facts to review the trial court's conclusion that Appellant was not brought to trial in time. The trial court simply makes a conclusory statement that "the Commonwealth's failure to bring Malinowski to trial within the time constraints dictated by that Rule, required that the instant case be dismissed." *Id.* at 13. However, the accounting of the time under Rule 1100 is nowhere in the record. Therefore, we remand the case back to the trial court for an accounting to determine whether the Commonwealth complied with Rule 1100. Pursuant to our holding in this case, the time period between the filing of the appeal of the suppression ruling and when the Commonwealth discontinued its appeal, shall not be excluded under Rule 1100.

sentence for simultaneously violating both provisions as opposed to only violating one of the provisions.

Moreover, the record belies the Commonwealth's repeated insistence that the effect of the trial court's suppression ruling on its case is somehow axiomatic. As the trial court stated:

It should be noted that the Commonwealth has charged Malinowski with violations of Subsections (a)(1) and (a)(4) of Section 3731 of the Motor Vehicle Code. The intoxilizer test results would have been the basis for Malinowski's conviction under Section (a)(4) and the arresting officers' observations as to Malinowski's physical condition would have been the basis of a conviction under Section (a)(1). Although the intoxilizer results have been suppressed, it would be difficult, if not impossible, to conceive of a circumstance where a police officer armed with the knowledge that an individual had a blood alcohol level of .24% could not provide opinion testimony as to the individual's physical condition and his inability to operate a motor vehicle safely despite the fact that the test results could not be entered into evidence.

*Commonwealth v. Malinowski*, No. 91–4691, slip op. at 3–4 n. 3 (C.P. Allegheny County Mar. 5, 1993).

To the extent that the Superior Court held that it should have been, we now reverse.

Accordingly, the Order of the Superior Court is reversed in part and affirmed in part, and the matter is remanded to the court of common pleas for proceedings consistent with this opinion.

CASTILLE, J., concurs in the result.