**COMMONWEALTH of Pennsylvania,**
**Appellant**

v.

**Robert Lee KNOEPPEL, Appellee.**

Superior Court of Pennsylvania.

Submitted Aug. 27, 2001.

Filed Nov. 28, 2001.

Reargument Denied Feb. 1, 2002.

Michael P. Toomey, Asst. Dist. Atty., Sunbury, for Com., appellant.

Michael R. Lynn, Bloomsburg, for appellee.

Before: DEL SOLE, President Judge, CAVANAUGH, J. and CERCONE, President Judge Emeritus.

DEL SOLE, President Judge:

¶ 1 This is a Commonwealth appeal from the Order entered March 8, 2000, in the Northumberland County Court of Common Pleas, granting Appellee's motion to suppress evidence. For the reasons set forth below, we quash.

¶ 2 In early January of 1998, Detective Robert John, of the Shamokin Police Department, received information from a con-

fidential informant that Appellee was selling marijuana. Based on the informant's tip and additional information, Detective John and another officer removed two garbage bags from the sidewalk in front of Appellee's residence in the early morning hours of January 12, 1998. A search of the bags revealed drug packaging paraphernalia and marijuana. Based on this discovery, Detective John applied for a search warrant for Appellee's residence.

¶ 3 During the suppression hearing, Detective John testified that he appeared before the district justice with the warrant application at approximately 9:10 a.m. to 9:30 a.m. on the morning of January 12, 1998. After reviewing the application, the district justice approved the warrant. However, he listed the issuance time and date as **10:45 a.m.** on January 12, 1998, and directed that the warrant be served no later than 10:45 a.m. on January 14, 1998.[1] Not realizing this error, Detective John proceeded directly to Appellee's home, located only 3 to 4 minutes from the district justice's office, and served the warrant at 9:49 a.m.

¶ 4 As a result of contraband seized during the search, Appellee was subsequently arrested and charged with possession with intent to deliver a controlled substance, possession of drug paraphernalia, and two counts of possession of a controlled substance. On May 5, 1999, he filed an omnibus pretrial motion seeking, *inter alia*, suppression of the items seized from his home. Following a hearing, the court granted Appellee's motion, concluding that the search conducted at 9:49 a.m. occurred before the warrant was issued at 10:45 a.m.; therefore, the search was invalid.

■ ¶ 5 This appeal follows in which the Commonwealth challenges the trial court's suppression of evidence based solely on a typographical error in the warrant. We find, however, that the Commonwealth's failure to certify in the notice of appeal that the order will terminate or substantially handicap its case renders this interlocutory order unappealable.[2]

■ ¶ 6 The jurisdiction of this Court is generally confined to appeals from final orders of the courts of common pleas. *Commonwealth v. Matis*, 551 Pa. 220, 710 A.2d 12, 17 (1998) (citing 42 Pa.C.S.A. § 742). An order is final if it effectively puts a litigant out of court; thus, pretrial orders are ordinarily considered interlocutory and not appealable, *Id.* "However, an exception to the final order rule exists in orders of the trial court suppressing evidence the Commonwealth seeks to admit in a criminal trial." *Id.* A Commonwealth appeal in a criminal case is governed by Pennsylvania Rule of Appellate Procedure 311, which permits the Commonwealth to take an interlocutory appeal as of right from a pretrial suppression order when the Commonwealth certifies that the order will "terminate or substantially handicap the prosecution." Pa.R.A.P. 311(d); *Commonwealth v. Dugger*, 506 Pa. 537, 486 A.2d 382 (1985). "Such certification is required as a means of preventing frivolous appeals and appeals intended solely for delay." *Id.*, at 386.

---

1. Pennsylvania Rule of Criminal Procedure 205(4) limits the execution time of a warrant to a maximum of two days from the date of issuance.

2. Although Appellee did not challenge the appealability of the order in his brief, "[a]ppellate jurisdiction cannot be conferred by mere agreement or silence of the parties where it is otherwise nonexistent." *Commonwealth v. Borrero*, 692 A.2d 158, 159 (Pa.Super.1997) (citations omitted). Therefore, we may raise the issue *sue sponte*.

¶ 7 In the past, this Court has sanctioned the Commonwealth's practice of including the certification in its brief, rather than in its notice of appeal. *See Commonwealth v. Smith,* 410 Pa.Super. 384, 599 A.2d 1350, 1352 (1991), *appeal dismissed as improvidently granted,* 534 Pa. 273, 632 A.2d 306 (1993) ("There is no explicit requirement in *Dugger* or its progeny that the certification be made specifically in the notice of appeal."). *See also Commonwealth v. Bowersox,* 450 Pa.Super. 176, 675 A.2d 718, 719 n. 2 (1996); *Commonwealth v. Proctor,* 441 Pa.Super. 176, 657 A.2d 8, 9 n. 1 (1995), *appeal denied,* 542 Pa. 645, 666 A.2d 1054 (1995). However, in *Commonwealth v. Malinowski,* 543 Pa. 350, 671 A.2d 674 (1996), the Supreme Court clarified that the Commonwealth's certification must appear in the notice of appeal. *Id.* at 678. In that case, the Court was asked to determine whether the Commonwealth's failure to include the requisite certification in its notice of appeal from a pretrial suppression order tolled the running of Pennsylvania Rule of Criminal Procedure 600 (formerly Pa.R.Crim.P. 1100). *Id.* at 677. The Court held that "the failure to comply with the *Dugger* certification renders the suppression order unappealable." *Id.* at 678. Moreover, to clarify the Commonwealth's responsibility in future appeals, the Court specifically stated:

> Thus, we require that in addition to the requirements laid out in Rule 904 of the Pennsylvania Rules of Appellate Procedure,[3] the Commonwealth, when appealing a suppression order, must include a statement, made in good faith, that the suppression order terminates or substantially handicaps its prosecution.

*Id.* Shortly after the decision in *Malinowski,* Pa.R.A.P. 311(d) was amended to reflect this requirement. The following year, subdivision (e) was added to Pa. R.A.P. 904 to incorporate the Supreme Court's mandate:

> When the Commonwealth takes an appeal pursuant to Rule 311(d), **the notice of appeal shall include** a certification by counsel that the order will terminate or substantially handicap the prosecution.

Pa.R.A.P. 904(e) (emphasis added).

■ ¶ 8 In the present case, the Commonwealth failed to include the requisite certification in its notice of appeal. Under *Malinowski,* this defect is fatal; "[w]ithout the certification, the Commonwealth has no right to appeal." *Malinowski,* 671 A.2d at 678. The inclusion of the certification in the Criminal Docketing Statement or in the Commonwealth's appellate brief does not cure the defect. Therefore, we are constrained to quash this appeal.[4]

¶ 9 Appeal quashed.

---

3. Pa.R.A.P. 904 lists the requisite contents of a notice of appeal.

4. We acknowledge that, in prior cases, this Court has declined to quash an appeal when the Commonwealth has failed to comply with the certification requirement; rather, we remanded for prompt compliance. *Commonwealth v. Proctor,* 439 Pa.Super. 207, 653 A.2d 696 (1995); *Commonwealth v. Frankenfield,* 410 Pa.Super. 377, 599 A.2d 1346 (1991). However, both of these cases were decided before the Supreme Court's clear mandate in *Malinowski* and the amendments to the relevant Rules of Appellate Procedure. *Compare Commonwealth v. Lawrentz,* 453 Pa.Super. 118, 683 A.2d 303, 304 (1996), *appeal denied,* 548 Pa. 645, 695 A.2d 784 (1997) (declining to quash Commonwealth appeal for failure to include certification in notice of appeal when appeal was filed less than one month after effective date of amendment to Rule 311(d)

and, when notified of defect, Commonwealth promptly provided certification letter; however, Court cautioned Commonwealth that "future failures to comply with the mandate of Rule 311(d) may well result in the appeal being quashed.").