J-S50025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LUIS LAQUAL TIRADO | : | No. 83 WDA 2018 |

Appeal from the Order January 5, 2018
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002366-2017

BEFORE:  BOWES, J., OTT, J., and KUNSELMAN, J.

JUDGMENT ORDER BY OTT, J.:          **FILED OCTOBER 30, 2018**

The Commonwealth appeals from the order entered January 5, 2018, granting Luis Laqual Tirado's pretrial motion to suppress evidence recovered during a traffic stop.  Because the Commonwealth failed to certify in its notice of appeal that the order will terminate or substantially handicap its prosecution, we quash the appeal as interlocutory.[1]

Pursuant to Pennsylvania Rule of Appellate Procedure 311, "the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution." Pa.R.Crim.P. 311(d).  Rule 904 further mandates:  "When the Commonwealth takes an appeal pursuant to Pa.R.A.P. 311(d), the notice of appeal **shall**

_____

[1] We note Tirado raised this issue in his appellee brief.  **See** Tirado's Brief at 5-6.

include a certification by counsel that the order will terminate or substantially handicap the prosecution." Pa.R.A.P. 904(e) (emphasis supplied).

In the present case, the Commonwealth failed to include the requisite certification in its notice of appeal. ***See*** Notice of Appeal, 1/10/2018. This defect is fatal; "[w]ithout the certification, the Commonwealth has no right to appeal." ***Commonwealth v. Malinowski***, 671 A.2d 674, 678 (Pa. 1996). Moreover, the fact that the Commonwealth included the requisite certification in the Statement of Jurisdiction in its appellate brief is of no moment. The certification must be in the notice of appeal. ***See Commonwealth v. Knoeppel***, 783 A.2d 404 (Pa. Super. 2001) *appeal denied*, 806 A.2d 859 (Pa. 2002).

Because the Commonwealth failed to certify in its notice of appeal that the order under review will terminate or substantially handicap its prosecution, we are compelled to quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/30/2018

- 2 -