J-S53026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MONIQUE FISHER, | |
| Appellee | No. 85 MDA 2016 |

Appeal from the Order Entered December 17, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0003101-2015

BEFORE: BOWES, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.: **FILED SEPTEMBER 12, 2016**

The Commonwealth appeals from the order entered December 17, 2015, that granted Appellee Monique Fisher's ("Fisher") motion to suppress evidence. After review, we are constrained to quash the Commonwealth's appeal.

The trial court summarized the factual and procedural history of this case as follows:

> On March 7, 2015, at approximately 2:33 am, Officer Marc A. Oxenford, of the West Reading Police Department, was traveling eastbound in the 200 block of Penn Avenue on routine patrol. In the area around Fourth Street and Penn Avenue, Officer Oxenford observed a 2004 white Chevrolet Ventura make a legal right turn into the West Reading restaurant parking lot, in Reading, Berks County, Pennsylvania. Officer Oxenford

_____

[*] Former Justice specially assigned to the Superior Court.

observed the vehicle back into a space in front of the restaurant. He then saw [Fisher] pick up a bottle of the Moet and Chandon brand of champagne that was 750 milliliters. [Fisher] handed the bottle to the front seat passenger. Based on his observations, the officer approached the driver and explained to her that he observed her drinking out of that alcoholic beverage. He then asked [Fisher] for her driver's license, registration and proof of insurance.

[Fisher] was charged by Criminal Information with one count of Driving under the Influence of Alcohol, in violation of 75 Pa.C.S.A. § 3802(a)(1) and one count of Restriction on Alcoholic Beverages, in violation of 75 Pa.C.S.A. § 3809(a). On August 25, 2015, [Fisher] through [her] attorney, filed a Motion to Suppress Physical Evidence and Statements. The hearing was held on November 23, 2015. [Fisher's] motion was granted and docketed on December 17, 2015. On January 13, 2016, the Commonwealth filed a Notice of Appeal to the Superior Court, and amended it on January 29, 2016 to certify that this ruling terminated or substantially handicaps the prosecution of this case.[1]

Trial Court Opinion, 2/23/16, at 1-2. Both the Commonwealth and the trial court complied with Pa.R.A.P. 1925.

The Commonwealth presents the following issues for our review:

A.  Did the trial court err in suppressing evidence flowing from a lawful mere encounter?

B.  Alternatively, did the trial court err in suppressing evidence flowing from a lawful investigative detention, as precedent dictates that a reasonable mistake of law can give rise to reasonable suspicion?

---

[1] "In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution." Pa.R.A.P. 311(d).

Commonwealth's Brief at 4.

Preliminarily, we must determine whether the Commonwealth has perfected its right to appeal from the order in question. Fisher argues that because the original notice of appeal did not include the requisite certification under Pa.R.A.P. 311(d), and the amended notice was untimely filed, we lack jurisdiction to hear this appeal. Fisher's Brief at 6-7. Moreover, Fisher contends that the Commonwealth's filing of an amended notice of appeal without leave of court does not reinstate jurisdiction. *Id.* at 7-8. Neither the trial court nor the Commonwealth addresses this issue.

> The jurisdiction of this Court is generally confined to appeals from final orders of the courts of common pleas. *Commonwealth v. Matis*, 551 Pa. 220, 710 A.2d 12, 17 (1998) (citing 42 Pa.C.S.A. § 742). An order is final if it effectively puts a litigant out of court; thus, pretrial orders are ordinarily considered interlocutory and not appealable[.] *Id.* "However, an exception to the final order rule exists in orders of the trial court suppressing evidence the Commonwealth seeks to admit in a criminal trial." *Id.* A Commonwealth appeal in a criminal case is governed by Pennsylvania Rule of Appellate Procedure 311, which permits the Commonwealth to take an interlocutory appeal as of right from a pretrial suppression order when the Commonwealth certifies that the order will "terminate or substantially handicap the prosecution." Pa.R.A.P. 311(d); *Commonwealth v. Dugger*, 506 Pa. 537, 486 A.2d 382 (1985). "Such certification is required as a means of preventing frivolous appeals and appeals intended solely for delay." *Id.*, at 386.

*Commonwealth v. Knoeppel*, 788 A.2d 404, 406 (Pa. Super. 2001). Furthermore, Pa.R.A.P. 904(e) provides: "When the Commonwealth takes an appeal pursuant to Pa.R.A.P. 311(d), the notice of appeal shall include a

certification by counsel that the order will terminate or substantially handicap the prosecution."

In **Commonwealth v. Malinowski**, 671 A.2d 674 (Pa. 1996), the Supreme Court unequivocally held that that "the failure to comply with the **Dugger** certification renders the suppression order unappealable." **Id.** at 678. In coming to this conclusion, the Court provided the following explanation:

> [W]hile it is true that an appeal by the Commonwealth of a suppression court ruling is appealable as a matter of right, it is so *only* if the Commonwealth certifies that the ruling terminates or substantially handicaps the prosecution. We have not required the Commonwealth to prove that burden; rather, we have held that it is the certification that precipitates and authorizes the appeal. Without the certification, the Commonwealth has no right to appeal.

**Id.** at 358 (internal citation omitted) (emphasis in original). Accordingly, the Court specified that the certification must be included in the Commonwealth's notice of appeal. **Id.**

Additionally, in **Knoeppel**, this Court explained that the subsequent inclusion of the certification does not cure the defect.[2] **Knoeppel**, 788 A.2d at 407. Specifically, in that case, the Court determined that "[t]he inclusion

---

[2] In **Knoeppel**, we acknowledged that in the past this Court has sanctioned the Commonwealth's practice of including the certification in its brief, rather than in its notice of appeal. **Id.** at 407. However, these cases were decided before **Malinowski**, which clarified that the Commonwealth's certification must appear in the notice of appeal, the amendment of Pa.R.A.P. 311(d), and the addition of Pa.R.A.P. 304(e). Current practice requires inclusion of the certification in the notice of appeal. **Knoeppel**, 788 A.2d at 407.

of the certification in the Criminal Docketing Statement or in the Commonwealth's appellate brief does not cure the defect." ***Id.*** Furthermore, the ***Knoeppel*** Court explained that prior to the ***Malinowski*** decision and the amendments to the rules of appellate procedure, failure to comply with inclusion of the certification resulted in remand to the trial court for compliance. ***Knoeppel***, 788 A.2d at 407 n.4. Subsequent to the ruling in ***Malinowski*** and the amendments to the rules of appellate procedure, however, this Court will quash a Commonwealth appeal for failure to comply with the certification requirements. ***Id.***

As noted, Fisher's suppression motion was granted by order entered December 17, 2015. The Commonwealth filed a timely notice of appeal on January 13, 2016.[3] This notice of appeal, however, lacked a Commonwealth certification asserting that the order would terminate or substantially handicap the prosecution pursuant to Pa.R.A.P. 311(d). As stated in ***Malinowski***, "it is the certification that precipitates and authorizes the appeal. Without the certification, the Commonwealth has no right to appeal." ***Malinowski***, 671 A.2d at 678. As such, without inclusion of the certification in the notice of appeal, the Commonwealth had no right to appeal the interlocutory order. ***Knoeppel***, 788 A.2d at 407 ("Under

_____

[3] The notice of appeal shall be filed within thirty days after entry of the order from which the appeal is taken. Pa.R.A.P. 903(a).

*Malinowski*, this defect is fatal; '[w]ithout the certification, the Commonwealth has no right to appeal.'"); *see also Commonwealth v. Brister*, 16 A.3d 530, 534 (Pa. Super. 2011) (holding that the Commonwealth's failure to include certification in its notice of appeal renders an interlocutory order in a criminal matter unappealable under Rule 311(d).). Thus, the Commonwealth's notice of appeal filed January 13, 2016 was a legal nullity.

The appeal period expired on January 19, 2016, thirty days from the entry of the order granting Fisher's suppression motion.[4] Subsequently, the Commonwealth filed another notice of appeal, one it entitled "amended notice of appeal," on January 29, 2016. This amended notice of appeal included the certification required by *Malinowski*, Pa.R.A.P. 311(d), and Pa.R.A.P. 904(e). While the purported amended notice of appeal arguably precipated and authorized the appeal from the grant of the suppression order, such notice of appeal was untimely filed. *See* Pa.R.A.P. 903(a) (the notice of appeal shall be filed within thirty days after entry of the order from which the appeal is taken); *see also Commonwealth v. Williams*, 893

---

[4] We note that because January 16, 2016, fell on a Saturday, and Monday January 18, 2016, was a court holiday, the Commonwealth had until Tuesday, January 19, 2016, to file an appeal. *See* 1 Pa.C.S. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation.); *Commonwealth v. Green*, 862 A.2d 613, 618 (Pa. Super. 2004).

A.2d 147, 149 (when the Commonwealth files an appeal from an order pursuant to Pa.R.A.P. 311(d), that order is considered final for purposes of appeal, and any appeal must be filed within thirty days.). Because the Commonwealth's notice of appeal that included the certification was filed untimely, we lack jurisdiction to review the merits of the Commonwealth's claims.

Moreover, we cannot agree that the subsequent inclusion of certification in the amended notice of appeal cured the defect of the lack of certification in the original notice of appeal. **See Knoeppel**, 788 A.2d at 407 (explaining that subsequent inclusion of the certification does not cure the defect). Therefore, we are constrained to quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/12/2016