J-S05035-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA KREBS | : | No. 1578 EDA 2020 |

Appeal from the Order Entered August 3, 2020
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0000283-2018

BEFORE:  BOWES, J., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED AUGUST 16, 2021**

The Commonwealth appeals from the order dismissing with prejudice the charges filed against Joshua Krebs, pursuant to Pa.R.Crim.P. 600. The Commonwealth argues that the trial court should not have counted against it the delay that occurred when it filed an untimely interlocutory appeal. We affirm.

The Commonwealth filed a Complaint on December 18, 2017, charging Krebs with violations of the Wiretap Act. *See* 18 Pa.C.S.A. §§ 5703-5728. Krebs waived a preliminary hearing and, following formal arraignment, the court scheduled a pretrial conference for May 2, 2018. Krebs moved on April 10, 2018, to extend the period for filing omnibus pretrial motions. The court granted the motion and extended the deadline to May 2, 2018. That same day, the court extended the pretrial motion deadline and rescheduled the

pretrial conference for August 29, 2018, noting that Krebs expressly waived the application of Rule 600 for the applicable delay.[1]

On August 29, 2018, at Krebs' request, the court rescheduled the pretrial conference to September 19, 2018. However, on the day for the pretrial conference, the court again continued it, this time to November 21, 2018.

On October 17, 2019, Krebs sought an extension of the time for filing omnibus pretrial motions as well as a continuance of the pretrial conference, as he needed additional time to review discovery. The Commonwealth concurred in the request. The court ordered that Krebs file the omnibus pretrial motion by November 21, 2018 and rescheduled the pretrial conference for December 12, 2018.

Krebs filed an omnibus pretrial motion on November 21, 2018. The court canceled the pretrial conference and scheduled a hearing on the motion for January 24, 2019. The Commonwealth filed a motion to reschedule, as its witness was attached to a trial that week. The hearing on the motion was rescheduled to February 28, 2019.

After the hearing on Krebs' pretrial motion, the court gave Krebs 45 days after completion of the transcript to file a brief and gave the Commonwealth 15 days thereafter to respond. Krebs filed his brief on time.

---

[1] In August 2018, the Commonwealth submitted a notice of joinder to join case 1717 CR 2018, with this case. The court did not dismiss that case under Rule 600, and it is not part of this appeal.

The Commonwealth filed a motion for extension of time to file its brief, which the court granted, extending the deadline to May 10, 2019. The Commonwealth filed its brief on May 11, 2019.

The Court issued an opinion and order on July 17, 2019, granting in part and denying in part the omnibus pretrial motions. Thirty-three days later, on August 19, 2019, the Commonwealth filed an untimely appeal. This Court issued a Rule to Show Cause why the appeal should not be dismissed as untimely. The Commonwealth did not respond, and we quashed the appeal on November 21, 2019. *Commonwealth v. Krebs.*, No. 2523 EDA 2019. The Commonwealth filed a petition for reconsideration, on November 25, 2019, which we denied on December 4, 2019. We remanded the record on January 10, 2020, and the trial court scheduled a March 4, 2020 pretrial conference.

On February 6, 2020, Krebs filed a motion to dismiss pursuant to Rule 600. The court initially denied the motion, but Krebs filed a motion to reconsider. Krebs argued that the court had erred in excusing the time from the filing of the Complaint to the date of arraignment, and from the date of arraignment to the originally schedule pretrial conference, as the time was due to normal progression of the case. Motion to Reconsider, at 3-4 (citing *Commonwealth v. Mills*, 162 A.3d 323, 325 (Pa. 2017)). The court granted reconsideration and dismissed the charges with prejudice.[2] The Commonwealth filed this appeal.

---

[2] The court later granted Krebs' unopposed motion to sever this case from the case at docket 1717 CR 2018.

The Commonwealth raises the following:

Did the Trial Court abuse its discretion by dismissing the above-captioned matter pursuant to Pa.R.Crim.P. 600 when there was evidence of record of due diligence on the part of the Commonwealth and sufficient excludable time to extend the expiration of the same?

Commonwealth's Br. at x.

The Commonwealth argues there were 484 excludable days, making the adjusted run date April 15, 2020, *i.e.*, after Krebs filed his Rule 600 motion. Commonwealth's Br. at 10-11. It claims there were "multiple periods of excludable time including continuances consented to by [Krebs], unavailability of witnesses, and efforts to file[] and perfect an interlocutory appeal." *Id.* at xvi. The Commonwealth concedes that the "timely filing of a Notice of Appeal is a critical step in perfecting the appeal," but asserts that "the failure to do the same does not automatically terminate the proceeding." *Id.* at 6. It cites in support *Bass v. Commonwealth*, 401 A.2d 1133 (Pa. 1979), and *Commonwealth v. Patterson*, 940 A.2d 493 (Pa.Super. 2007). It also contends that "the mere existence of human error does not negate due diligence." Commonwealth's Br. at 7 (quoting *Commonwealth v. Bradford*, 46 A.3d 693, 698 (Pa. 2012)).

It also attempts to distinguish *Commonwealth v. Malinowski*, 671 A.2d 674, 678 (Pa. 1996). The Commonwealth argues that here, unlike in *Malinowski*, it included a certification pursuant to Pa.R.A.P. 311(d) and it did not voluntarily withdraw the appeal. Rather, it maintains it "diligently attempted to litigate the matter and pursue the appeal by filing for

- 4 -

reconsideration." Commonwealth's Br. at 7. It states it did not engage in "misconduct or attempts to circumvent Rule 600," and claims it did not respond to this Court's Rule to Show Cause because "the same was erroneously not known to the Commonwealth and the Commonwealth believed the appeal was proceeding through its normal course having received the October 15, 2019, Briefing Schedule." *Id.* at 8, 9. It claims that when it received the order quashing the appeal, it "promptly" requested reconsideration "due to counsel having been in preparation for a homicide trial." *Id.* at 9. Then, soon after the record was returned, the "Commonwealth petitioned the [t]rial [c]ourt to schedule a [s]tatus [c]onference." *Id.*

We review an order granting or denying a Rule 600 motion for an abuse of discretion. *See Commonwealth v. Roles*, 116 A.3d 122, 125 (Pa.Super. 2015). In determining if there was such an abuse, we view the facts in the light most favorable to the prevailing party. *Id.* Our scope of review is limited to the trial court's findings and the evidence of record from the Rule 600 proceeding, which we view in the light most favorable to the prevailing party. *Commonwealth v. Bethea*, 185 A.3d 364, 370 (Pa.Super. 2018).

Rule 600 provides that trial "shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). If trial does not begin before that deadline, taking into account periods of delay in which the Commonwealth exercised due diligence in bringing the defendant to trial, as well as delay the defendant caused, the defendant may move to dismiss the charges. Pa.R.Crim.P. 600(D)(1).

Deciding a Rule 600 motion entails the following analysis. First, the court must determine the "mechanical run date" – that is, 365 days from the date of the filing of the complaint. **Bethea**, 185 A.3d at 371. Second, the court must determine whether any periods of delay are "excludable." **Id.** Excludable time for this purpose includes several possible periods of time: (1) the time between the filing of the written complaint and the defendant's arrest, if the defendant could not be apprehended because the defendant's whereabouts were unknown and could not be determined by due diligence; (2) any time for which the defendant expressly waives Rule 600; (3) delay resulting from the unavailability of the defendant or the defendant's attorney, and (4) any continuance at the request of the defendant or the defendant's attorney. **Commonwealth v. Hunt**, 858 A.2d 1234, 1241 (Pa.Super. 2004). We "add the amount of excludable time, if any, to the mechanical run date to arrive at an adjusted run date." **Bethea**, 185 A.3d at 371 (quoting **Commonwealth v. Wendel**, 165 A.3d 952, 956 (Pa.Super. 2017)) ( emphasis omitted).

If the trial did not occur before the adjusted run date, we then must determine whether the additional delay was excusable. Excusable delay for purposes of Rule 600 is any delay that was outside the control of the Commonwealth and not the result of the Commonwealth's lack of diligence. **Hunt**, 858 A.2d at 1241. If the Commonwealth does not bring the defendant to trial within the time required under Rule 600(A)(2)(a), the trial court must dismiss the charges. **Bethea**, 185 A.3d at 371.

The Commonwealth must demonstrate by a preponderance of the evidence that it exercised due diligence. ***Bradford,*** 46 A.3d at 701. Due diligence "is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." ***Id.*** at 701-02 (quoting ***Commonwealth v. Selenski***, 994 A.2d 1083,1089 (Pa. 2010)). If the court determines the Commonwealth did not act with due diligence, the court must dismiss the charges and discharge the defendant. ***Id.*** at 702.

Certainly, the "Commonwealth's good-faith interlocutory appeal constitute[s] excusable delay under Rule 600, even if the Commonwealth was unsuccessful on the merits of its claim." ***Commonwealth v. Risoldi***, 238 A.3d 434, 452 (Pa.Super. 2020). Nonetheless, the Commonwealth's duties under Rule 600 extend throughout all stages of a case, ***Commonwealth v. Hawk***, 597 A.2d 1141, 1145 (Pa. 1991), and require it to act with reasonable diligence pursuing an interlocutory appeal by right. ***See Commonwealth v. Matis***, 710 A.2d 12 (Pa. 1998). Thus, if the Commonwealth unreasonably fails to take proper steps to invoke this Court's jurisdiction in such an appeal, the delay incurred counts against the Commonwealth. ***See Malinowski***, 671 A.2d at 678.

Unless otherwise provided by law, a notice of appeal must be filed within 30 days after the entry of the order from which the appeal is taken, or the appellate court lacks jurisdiction. Pa.R.A.P. 903(a); ***Commonwealth v. Gaines***, 127 A.3d 15, 17 (Pa.Super. 2015) (*en banc*). When calculating the

deadline, the time "shall be so computed as to exclude the first and include the last day of such period." 1 Pa.C.S.A. § 1908; Pa.R.Crim.P. 101(C) ("To the extent practicable, these rules shall be construed in consonance with the rules of statutory construction").

The dispute in this appeal centers on the Commonwealth's contention that the trial court erred in concluding that it did not exercise due diligence when it filed the untimely appeal.[3, 4] The Commonwealth agrees that, if the delay the late appeal caused was excusable, the adjusted run date had not run at the time of the Rule 600 motion, but if it was not excusable, the adjusted run date had expired. **See** Commonwealth Br. at 10-11 (claiming there were 484 excludable days, with an April 2020 adjusted run date, including the more than 100 days the case was on appeal).

Here, the trial court found the Commonwealth did not act with reasonable diligence during the appeal:

> First, the circumstances that led to the untimely appeal were not outside the Commonwealth's control, as excuse of time requires. The Commonwealth acted on its own discretion

---

[3] The trial court calculated the delay from the appeal as 147 days. The Commonwealth in effect concedes that the time from the rule to show cause to the motion to reconsider is not excusable. **See** Commonwealth's Br. at 11 (arguing 101 days of the appeal time – from the filing of the appeal to the filing of the order to show cause, from the motion to reconsider to the denial of the motion, and from the denial until the return of the record – is excusable).

[4] The Commonwealth's calculations differed from the trial court by one day. The Commonwealth appears to have included the first day, which, pursuant to the rules of construction, is not correct. **See** 1 Pa.C.S.A. § 1908; Pa.R.Crim.P. 101(C); Rule 600, comments.

when it appealed our Order. The Commonwealth could have observed the time remaining to file an appeal when it chose to do so. This alone prevents the delay from being excused. *See [Commonwealth v.] Hunt*, 858 A.2d [1234,] 1241 [Pa.Super. 2004] (excusable time requires diligence under circumstances beyond Commonwealth's control); Pa. R. Crim. P. 600(C)(1).

As to the separate diligence condition required to excuse time, no case has dealt with facts like those now presented. But under Rule 600 in general, prosecutors have a duty to keep themselves informed of the time remaining before trial must commence. *See, e.g., Commonwealth v. Sloan*, 67 A.3d 1249 (Pa. Super. 2013) (district attorneys have non-delegable duty to monitor the timely progression of the case); *Commonwealth v. Payton*, 673 A.2d 631 (Pa. Super. 1996) (diligence requires informing oneself that a deadline is approaching and taking appropriate actions). Unnecessarily allowing a trial to be scheduled after the run date has been deemed a breach of diligence. *See Commonwealth v. Johnson*, 852 A.2d 315 (Pa. Super. 2004); *Commonwealth v. Lewis*, 804 A.2d 672 (Pa. Super. 2002). The same due diligence that requires monitoring of the time remaining for trial should also require the monitoring of the time to file an appeal.

In one case, the Commonwealth failed to diligently prosecute when it filed an appeal the Superior Court did not have jurisdiction to hear. *Commonwealth v. Malinowski*, 671 A.2d 674 (Pa. 1996) (Commonwealth purported to appeal interlocutory order granting suppression motion without certifying that it would substantially impair the prosecution). Not taking that step deprived the higher court of jurisdiction, and an untimely Notice of Appeal does the same, requiring automatic dismissal. *Commonwealth v. Patterson*, 940 A.2d 493 (Pa. Super. 2007) (untimely Notice of Appeal requires dismissal absent extraordinary circumstances not applicable here). In either situation, we have an appeal the reviewing court cannot decide on the merits. Where the appeal cannot be decided and merely awaits a dismissal, the appellant has not used the time to bring the case closer to trial. This goes against diligence. *See Commonwealth v. Dixon*, 140 A.3d 718 (Pa. Super. 2016) ("Commonwealth must do everything reasonable within its power to guarantee that a trial begins on time").

> Filing the untimely appeal in this case was not a circumstance beyond the Commonwealth's control and is similar to unnecessarily allowing trial to be scheduled beyond the Rule 600 period. Similarly, the Commonwealth cannot diligently pursue an appeal the reviewing court does not have the jurisdiction to hear, as this will not advance the case toward trial. This means the Commonwealth has failed to prove that it exercised due diligence during this part of the case, and we cannot excuse the time.

Trial Court Opinion, filed July 2, 2020, at 10-12 (footnote omitted).

The court did not abuse its discretion. A Rule 311 certification is not the sole requirement for this Court to have jurisdiction over the Commonwealth's interlocutory appeal. Rather, the Commonwealth must also file a timely notice of appeal. Here, the Commonwealth's appeal of the order addressing the pretrial motion was untimely, and it has not asserted any excuse for missing the deadline other than its failure to calculate the correct due date.

Further, after filing the untimely appeal, we issued a Rule to Show Cause, allowing the Commonwealth a chance to convince us that the appeal was timely. The Commonwealth failed to respond. The Commonwealth claims that it was "unaware"[5] that we had issued the Rule, but offers no explanation; indeed, our Prothonotary sent the prosecutor handling the appeal notice by email. That this Court also issued a briefing schedule, which did not purport

---

[5] Com. Br. at xiv.

to dispose of the Rule to Show Cause, did not relieve the Commonwealth of its obligation to respond.[6]

The Commonwealth's citations to **Bass** and **Patterson** are inapposite. **Bass** was a case in which the Supreme Court found a non-negligent failure to take a timely appeal was excusable. 401 A.2d at 1135. Here, the Commonwealth has not proffered a non-negligent excuse for the untimely appeal. In **Patterson** this Court concluded that the trial court's failure when it denied the defendant's untimely post-sentence motion to advise defendant of the time for filing an appeal constituted a "breakdown" in court operations that excused untimely filing of the appeal. 940 A.2d at 499. The Commonwealth has not identified any similar "breakdown" in this case. The trial court did not abuse its discretion dismissing the charges pursuant to Rule 600.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/16/2021

---

[6] Further, in its Motion for Reconsideration of our quashing of the appeal, the Commonwealth argued that its appeal was, in fact, timely. It was not. Thirty days from July 17, 2019 was Friday, August 16, 2019.