2019 PA Super 239

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ZACHARY DYLAN CHISM | : | No. 2011 MDA 2018 |

Appeal from the Order Entered November 8, 2018
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0000872-2018

BEFORE:   LAZARUS, J., MURRAY, J., and STRASSBURGER*, J.

OPINION BY MURRAY, J.:                          **FILED AUGUST 09, 2019**

The Commonwealth appeals from the order granting the suppression request of Zachary Dylan Chism (Appellee).  After careful consideration, we quash.

The trial court summarized the suppression hearing testimony as follows:

> Trooper Jonathan Thompson (Thompson) of the Pennsylvania State Police testified on behalf of the Commonwealth.  His testimony established the following.  On May 27, 2018[,] at approximately 1:30 p.m., Thompson responded to a criminal mischief report of an individual shooting a glass window with a BB gun.  He arrived in the area of Lot 35, 36, and 37 of Back [Street, Loyalsock Township, Lycoming County] to conduct an area canvas by knocking on residences' doors and asking questions.  As soon as Thompson exited the vehicle[,] he smelled the pervasive smell of processed marijuana in the area.  The smell led Thompson to initially believe someone was smoking a gravity bong in front of their fan.  There were no observable individuals in the area of Lots 35, 36, and 37 at that time.  As Thompson spoke with one individual (who later was determined to be the mother of [Appellee]), he could continually smell the marijuana coming from

_____

* Retired Senior Judge assigned to the Superior Court.

behind him, Lot 35. Thompson then approached the door of Lot 35, as he did he could smell the overwhelming scent of marijuana. He knocked on the door, without announcing himself as a police officer, and [Appellee] answered the door visibly intoxicated with the smell of burnt marijuana emanating from his breath[]. Additionally, the smell of unburnt, processed, marijuana was emanating from within the residence. Initially[,] Thompson asked [Appellee] about whether or not he had a BB gun, but quickly turned the conversation to "how much marijuana had he smoked." Thompson then asked if and how many individuals were within the residence. [Appellee] responded that his two friends and girlfriend were within the residence. At this time[,] Thompson placed [Appellee] in handcuffs, informed him he was not free to leave, and that he was being detained. Thompson then had [Appellee] enter his residence, sit in the kitchen, and summoned the others into the kitchen and instructed them to sit on the kitchen floor as they also were not allowed to leave. At this point[,] Thompson radioed for backup as he was the only trooper on the scene. It was after this that [Appellee] took Thompson to a rear room where a gravity bong and multiple smoking devices were present. [Appellee] gave permission to search the residence, as a result of the search eleven pounds of marijuana and assorted drug paraphernalia was recovered.

Trial Court Opinion, 11/8/18, at 1-2.

[Appellee] was arrested . . . on one count of Possession of a Controlled Substance with the Intent to Manufacture or Deliver, one count of Possession of a Controlled Substance, and one count of Possession of Drug Paraphernalia. . . . [Appellee] filed [a] timely Pretrial Omnibus Motion on September 24, 2018. A hearing on the motion was held by th[e trial court] on October 26, 2018.

In his Omnibus Motion, [Appellee] challenge[d] whether exigent circumstances existed to permit the police to enter [Appellee]'s residence without obtaining a search warrant. [Appellee] contend[ed that] as a result of this unlawful entry[,] any evidence obtained as a basis of the search of his residence should be suppressed.

*Id.* at 1 (footnotes omitted).

- 2 -

On November 8, 2018, the trial court granted Appellee's suppression motion. On December 7, 2018, the Commonwealth filed a timely notice of appeal. In its notice of appeal, the Commonwealth did not certify, pursuant to Pa.R.A.P. 311(d), that the trial court's suppression ruling terminated or substantially handicapped the prosecution. **See** Pa.R.A.P. 311(d).[1]

On appeal, the Commonwealth presents the following issues for review:

I.     Whether the trial court erred in finding that the exigency in this case was officer-created.

II.    Whether the trial court erred in suppressing the evidence when [Appellee] subsequently consented to a warrantless search of his residence.

Commonwealth Brief at 7.

Preliminarily, we must address whether the Commonwealth has perfected its appeal from the order granting Appellee's suppression motion.[2] On February 7, 2019, this Court issued a rule to show cause why we should not quash this appeal as interlocutory because the Commonwealth's notice of

_____

[1] Rule 311(d) states:

**(d) Commonwealth appeals in criminal cases.--**In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution.

Pa.R.A.P. 311(d).

[2] We may raise the issue of jurisdiction *sua sponte*. **Commonwealth v. Blystone**, 119 A.3d 306, 311 (Pa. 2015).

appeal did not include certification pursuant to Rule 311(d) that the order granting Appellant's suppression motion terminated or substantially handicapped the prosecution. *See* Order – Rule to Show Cause, 2/7/19. On February 19, 2019, the Commonwealth responded by filing with this Court an amended notice of appeal that included a Rule 311(d) certification.

With respect to our jurisdiction over appeals from orders granting suppression motions:

> The jurisdiction of this Court is generally confined to appeals from final orders of the courts of common pleas. *Commonwealth v. Matis*, 710 A.2d 12, 17 (Pa. 1998) (citing 42 Pa.C.S.A. § 742). An order is final if it effectively puts a litigant out of court; thus, pretrial orders are ordinarily considered interlocutory and not appealable[.] *Id.* "However, an exception to the final order rule exists in orders of the trial court suppressing evidence the Commonwealth seeks to admit in a criminal trial." *Id*. A Commonwealth appeal in a criminal case is governed by Pennsylvania Rule of Appellate Procedure 311, which permits the Commonwealth to take an interlocutory appeal as of right from a pretrial suppression order when the Commonwealth certifies that the order will "terminate or substantially handicap the prosecution." Pa.R.A.P. 311(d); *Commonwealth v. Dugger*, 486 A.2d 382 (Pa. 1985).[3] "Such certification is required as a means of preventing frivolous appeals and appeals intended solely for delay." *Dugger*, 486 A.2d at 386.

*Commonwealth v. Knoeppel*, 788 A.2d 404, 406 (Pa. Super. 2001) (citations modified). Importantly, Pa.R.A.P. 904(e) states that "[w]hen the

---

[3] Following the *Dugger* decision, Rule 311 "was amended to permit an interlocutory appeal as a matter of right by the Commonwealth in cases where the Commonwealth asserts that the order will terminate or substantially handicap the prosecution." *Commonwealth v. Dixon*, 907 A.2d 468, 471 n.8 (Pa. 2006) (citing Pa.R.A.P. 311(d)).

Commonwealth takes an appeal pursuant to Pa.R.A.P. 311(d), the notice of appeal **shall** include a certification by counsel that the order will terminate or substantially handicap the prosecution." Pa.R.A.P. 904(e) (emphasis added).

Our Supreme Court has held "that the failure to comply with the **Dugger** certification renders the suppression order unappealable." **Commonwealth v. Malinowski**, 671 A.2d 674, 678 (Pa. 1996). In reaching this conclusion, the Court explained:

> [W]hile it is true that an appeal by the Commonwealth of a suppression court ruling is appealable as a matter of right, it is so only if the Commonwealth certifies that the ruling terminates or substantially handicaps the prosecution. We have not required the Commonwealth to prove that burden; rather, we have held that it is the certification that precipitates and authorizes the appeal. Without the certification, the Commonwealth has no right to appeal.

**Id.** (citations omitted). Thus, our Supreme Court in **Malinowski** made clear that the Commonwealth must include the Rule 311(d) certification in its notice of appeal in order to perfect its right to appeal a suppression ruling. **Id.**

Additionally, in **Knoeppel**, this Court determined that the subsequent presentation of a Rule 311(d) certification does not cure a defective notice of appeal. **Knoeppel**, 788 A.2d at 407. We stated:

> In the present case, the Commonwealth failed to include the requisite certification in its notice of appeal. Under **Malinowski**, this defect is fatal; "[w]ithout the certification, the Commonwealth has no right to appeal." **Malinowski**, 671 A.2d at 678. The inclusion of the certification in the Criminal Docketing Statement or in the Commonwealth's appellate brief does not cure the defect.

**Id.**

In this case, the trial court granted Appellee's suppression motion on November 8, 2018. The Commonwealth filed a timely notice of appeal on December 7, 2018. The notice of appeal, however, did not contain a statement certifying that the order would terminate or substantially handicap the prosecution pursuant to Pa.R.A.P. 311(d). As *Malinowski* articulated, "it is the certification that precipitates and authorizes the appeal. Without the certification, the Commonwealth has no right to appeal." *Malinowski*, 671 A.2d at 678. Thus, without the certification in the notice of appeal, the Commonwealth had no right to appeal the interlocutory order. *Knoeppel*, 788 A.2d at 407 ("Under *Malinowski*, this defect is fatal; '[w]ithout the certification, the Commonwealth has no right to appeal.'"). Thus, the Commonwealth's notice of appeal was defective.

Moreover, we cannot conclude that the subsequent inclusion of a Rule 311(d) certification in the amended notice of appeal that the Commonwealth filed with this Court cured the defect of the lack of certification in the original notice of appeal. *See Knoeppel*, 788 A.2d at 407 (explaining that subsequent inclusion of the certification does not cure the defect). Even if it could serve as a cure to the defective original notice of appeal, the record does not indicate that the Commonwealth ever filed the amended notice of appeal with the trial court and in any event, the Commonwealth filed it with this Court on February 19, 2019, well after the 30-day appeal period. *See* Pa.R.A.P. 903(a) ("Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902

(manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken.").

In short, because the Commonwealth's original notice of appeal lacked Rule 311(d) certification, the notice of appeal was defective, and the Commonwealth's untimely amended notice of appeal did not cure this defect. Accordingly, we lack jurisdiction and therefore quash this appeal.

Appeal quashed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/9/2019