J-A15025-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY FENTON | : | No. 1388 WDA 2022 |

Appeal from the Order Entered November 1, 2022
In the Court of Common Pleas of McKean County Criminal Division at
No(s):  CP-42-CR-0000299-2021

BEFORE:   MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.*

MEMORANDUM BY McLAUGHLIN, J.:          **FILED: October 6, 2023**

The Commonwealth appeals from the trial court's pretrial order granting Anthony Fenton's motion for the return of property seeking the return of a cellphone. The Commonwealth asserts that the trial court erred in granting the motion without holding an evidentiary hearing. We find merit in the Commonwealth's argument. We therefore vacate and remand for an evidentiary hearing.

Fenton is charged with homicide and other crimes related to the alleged assault and death of his girlfriend. During its investigation, the Commonwealth obtained a search warrant for Fenton's cellphone, which was on his person on the day of the incident and used to call 911.

_____

* Retired Senior Judge assigned to the Superior Court.

Fenton filed two motions to compel discovery of the contents of his phone. On September 21, 2021, the trial court issued an order directing the Commonwealth to provide Fenton with a copy of any records obtained from the search of the phone. Order, 9/21/21. Fenton filed a second motion to compel discovery on April 19, 2022. At a May 13, 2022 hearing on the second motion, Fenton contended there was exculpatory evidence on the phone and he was willing to assist with the search of the phone. The Commonwealth asserted it did not have the passcode to unlock the phone. Fenton contended he would provide potential passcodes to unlock the phone and if those passcodes did not work, the parties agreed to use of the "chip-off method" to obtain data from the phone. The "chip-off method" is an advanced data extraction technique that involves physically removing flash memory chips from a mobile device and then acquiring the data using specialized equipment.[1]

The court ordered the following, which was based upon a stipulation of the parties: 1) Fenton was to immediately provide possible passcodes to unlock the phone to the Commonwealth; 2) if the passcodes did not unlock the phone, after 30 days, the Commonwealth could utilize the "chip-off method" to search the phone; and 3) copies of any data recovered from the Commonwealth's search was to be provided to Fenton. Order, 5/13/22.

---

[1] *See* https://www.fletc.gov/jtag-chipoff-smartphones-training-program.

Having not received any copies of any cellphone data from the Commonwealth or a confirmation that a search of the phone was done, Fenton filed a motion for the return of property on July 20, 2022, which is the subject of this appeal. Without holding an evidentiary hearing, the court granted the motion. The court ordered the Commonwealth to complete the search of Fenton's phone and return it to him no later than December 19, 2022. Order, 11/1/22.

The Commonwealth filed the instant appeal from the court's order granting Fenton's motion. In its notice of appeal, the Commonwealth indicated that the order was appealable as a collateral order pursuant to Pa.R.A.P. 313. This Court directed the Commonwealth to show cause as to why the appeal should not be quashed as an unappealable, interlocutory order. In response to the rule to show cause, the Commonwealth filed a letter in this Court stating that the police seized Fenton's phone after obtaining a search warrant, but it has been unable to access the contents of the phone. The Commonwealth argued that returning the phone to Fenton before it could access the phone's contents would have the practical effect of excluding any evidence that might be on the phone from the Commonwealth. The Commonwealth alternatively argued in its response to the rule to show cause that the order would substantially handicap the prosecution and therefore the order should be considered appealable pursuant to Pa.R.A.P. 311(d). On January 25, 2023, the rule to show cause order was discharged, and the issue was referred to this panel.

The Commonwealth raises the following issues on appeal:

1. Whether the [t]rial [c]ourt erred and/or committed an abuse of discretion in ordering the Commonwealth to return the phone to [Fenton?]

2. Whether the [t]rial [c]ourt erred and/or committed an abuse of discretion in not holding a hearing on the motion before granting [Fenton'] motion for return of property[?]

3. Whether the [t]rial [c]ourt erred and/or committed an abuse of discretion in assuming the Commonwealth was unable to establish a nexus between the phone and the criminal activity[?]

4. Whether the [t]rial [c]ourt erred and/or committed an abuse of discretion in finding that [Fenton] is entitled to the return of the phone[?]

5. Whether the [t]rial [c]ourt erred and/or committed an abuse of discretion in finding that the Commonwealth "either can't or won't search the cellphone[?]"

6. Whether the [t]rial [c]ourt erred and/or committed an abuse of discretion in failing to require [Fenton] to establish ownership and lawful possession in support of his Motion for Return of Property filed pursuant to Rule 588[?]

7. Whether the [t]rial [c]ourt erred and/or committed an abuse of discretion in failing to allow the Commonwealth the opportunity to show why the cell phone should not be returned[?]

Commonwealth's Br. at 7-8.

We initially consider whether we have jurisdiction over this appeal. "The appealability of an order directly implicates the jurisdiction of the court asked to review the order." *Bailey v. RAS Auto Body, Inc.*, 85 A.3d 1064, 1067 (Pa.Super. 2014) (citation omitted). This Court may "inquire at any time, *sua sponte*, whether an order is appealable." *Id.* at 1068 (citation omitted).

"As a general rule, only final orders are appealable, and final orders are defined as orders disposing of all claims and all parties." *In re Bridgeport Fire Litigation*, 51 A.3d 224, 229 (Pa.Super. 2012) (citation omitted); *see also* Pa.R.A.P. 341.

Here, the Commonwealth acknowledges that the trial court's order is not a final order. However, it argues that the order is an interlocutory order from which an appeal arises as of right pursuant to Pa.R.A.P. 311(d) or a collateral order under Pa.R.A.P. 313.

Rule 311(d) provides, in relevant part:

> **Commonwealth Appeals in Criminal Cases.** In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution.

Pa.R.A.P. 311(d). Rule 311(d) directs the Commonwealth to perfect its right to appeal by including the Rule 311(d) certification in its notice of appeal. *See Commonwealth v. Chism*, 216 A.3d 1133, 1136 (Pa.Super. 2019); *see also* Pa.R.A.P. 904(e) ("When the Commonwealth takes an appeal pursuant to Pa.R.A.P. 311(d), the notice of appeal **shall** include a certification by counsel that the order will terminate or substantially handicap the prosecution") (emphasis added). A subsequent inclusion of the certification in the Commonwealth's appellate brief or in an amended notice of appeal does not cure the defect of a lack of certification in the original notice of appeal. *See*

*Chism*, 216 A.3d at 1137; *see also Commonwealth v. Knoeppel*, 788 A.2d 404, 407 (Pa.Super. 2001).

Instantly, the Commonwealth's notice of appeal did not contain a statement certifying that the order would terminate or subsequently handicap the prosecution. Instead, the Commonwealth suggested that we exercise jurisdiction under Pa.R.A.P. 311(d) for the first time in its response to this Court's rule to show cause order. The Commonwealth's attempt to cure the defect in the filing of its notice of appeal is insufficient for this Court to exercise our jurisdiction. Thus, we find no basis in Rule 311(d) to exercise jurisdiction over the Commonwealth's appeal.

We next consider whether jurisdiction is proper under the collateral order doctrine. Rule 313 defines a collateral order as "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). "[A]n order is separable from the main cause of action if it is entirely distinct from the underlying issue in the case and if it can be resolved without an analysis of the merits of the underlying dispute." *Keesee v. Dougherty*, 230 A.3d 1128, 1132 (Pa.Super. 2020) (citation omitted). "[A] right is important if the interests that would go unprotected without immediate appeal are significant relative to the efficiency interests served by the final order rule." *Id.* (citation omitted). "[A] right sought to be asserted on appeal will be 'irreparably lost' if, as a practical

matter, forcing the putative appellant to wait until final judgment before obtaining appellate review will deprive the appellant of a meaningful remedy." *Id.* (citation omitted).

Here, the present order granting Felton's motion for the return of property is "separable" from the main cause of action, to wit, Fenton's guilt or innocence of the crimes with which he is charged. Second, the order involves a right that is too important to be denied review, namely the Commonwealth's right to be heard on the issue. Lastly, a claim that the trial court erred in granting the return of the phone to Fenton would be irreparably lost if the matter proceeded to trial. The order directing the Commonwealth to return the phone effectively results in the loss or exclusion of potential evidence contained in the phone that was obtained through a lawful search warrant. Having found that the Commonwealth satisfied all three prongs of the collateral order doctrine, this Court has jurisdiction over this appeal, and we now address the merits of the Commonwealth's claim.

"The standard of review applied in cases involving motions for the return of property is an abuse of discretion." *Commonwealth v. Durham*, 9 A.3d 641, 645 (Pa.Super. 2010). Pennsylvania Rule of Criminal Procedure 588 addresses motions for the return of property and provides:

> (A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

(B) The judge hearing such motion **shall receive evidence on any issue of fact necessary to the decision thereon**. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

(C) A motion to suppress evidence under Rule 581 may be joined with a motion under this rule.

Pa.R.Crim.P. 588 (emphasis added).

Under Rule 588, "[t]he movant bears the initial burden of coming forth with evidence of lawful entitlement to possession of the property." **Commonwealth v. Janda**, 14 A.3d 147, 166 (Pa.Super. 2011). If the movant meets this initial burden, the Commonwealth has the burden of proving by a preponderance of the evidence that the items in question are contraband per se or derivative contraband, and therefore should not be returned to the moving party. **See id.** at 166-67; **Commonwealth v. Crespo**, 884 A.2d 960, 961 n.4 (Pa.Cmwlth. 2005).[2] "To meet its burden to prove that an item is derivative contraband, the Commonwealth must establish a specific nexus between the property and criminal activity." **Commonwealth v. Trainer**, 287 A.3d 960, 964 (Pa.Cmwlth. 2022).

Importantly, Rule 588 requires the trial court to conduct a hearing on a motion for the return of property so that the court can receive evidence and resolve disputed facts. **See, e.g., Commonwealth v. Rodriquez**, 172 A.3d 1162, 1166 (Pa.Super. 2017) (emphasizing that "appellate courts have

_____

[2] "Although the decisions of the Commonwealth Court are not binding on this Court, we may look to them for their persuasive value." **Commonwealth v. Heredia**, 97 A.3d 392, 395 n.4 (Pa.Super. 2014).

recognized the importance of an evidentiary hearing when considering a petition for the return of property" and remanding for evidentiary hearing on motion for return of property); **Trainer**, 287 A.3d at 964 (finding trial court erred by not holding evidentiary hearing on motion for the return of property because a hearing is a mandatory requirement under the plain language of Rule 588(B) and "case law requires the **determination by a preponderance of evidence** of a nexus between criminal activity and the property") (emphasis in original); **Commonwealth v. Howard**, 931 A.2d 129, 132 (Pa.Cmwlth. 2007) (holding "both the language of Rule 588 and the caselaw interpreting it mandate that resolution of disputed facts await presentation of evidence at a hearing").

Here, the court erred by not holding an evidentiary hearing on Fenton's motion for the return of property. While the court was permitted to incorporate the record from previous hearings in the case, **see Janda**, 14 A.3d at 167 n.12,[3] it nonetheless was required to conduct a separate hearing on Fenton's motion for the return of property so that both parties could present evidence. As the Commonwealth explains, the hearing on the prior motion to compel discovery did not suffice for the subject motion to return property. Holding a hearing will not be a meaningless gesture because the Commonwealth has proffered evidence linking the phone to criminal activity. Because the trial court failed to hold an evidentiary hearing and properly fulfill its fact-finding

---

[3] **See also Commonwealth v. Tokarcik**, No. 993 WDA 2020, 2021 WL 4740951, unpublished memorandum at *6 (Pa.Super. filed Oct. 12, 2021).

duties, we vacate the court's November 1, 2022 order and remand the matter to the trial court to conduct an evidentiary hearing on the motion.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 10/6/2023