2025 PA Super 292

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHASTATY LA DEAN AILEY | : | No. 793 MDA 2025 |

Appeal from the Order Entered May 19, 2025
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0001533-2021

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

OPINION BY LAZARUS, P.J.: **FILED: DECEMBER 31, 2025**

The Commonwealth of Pennsylvania appeals from the order, entered in the Court of Common Pleas of Berks County, granting Defendant Chastaty La Dean Ailey's motion to suppress. After careful review, we grant Ailey's application to quash and quash this appeal.

In light of our disposition, a recitation of the facts is unnecessary. On January 28, 2021, Ailey was charged with several drug-related offenses as a result of a vehicle stop. After significant delays due to discovery requests and pre-trial conferences, on August 2, 2024, Ailey filed an omnibus suppression motion.

On October 15, 2024, and December 4, 2024, the trial court conducted a bifurcated suppression hearing, after which it permitted the parties to request transcripts and submit additional memoranda in support of their respective positions. On May 19, 2025, after receiving the parties'

memoranda, the trial court granted Ailey's motion to suppress. **See** Order and Opinion, 5/19/25, at 1-13.

On June 12, 2025, the Commonwealth filed a timely notice of appeal in which it stated that it was appealing the dismissal of the criminal complaint.[1] **See** Notice of Appeal, 6/12/25. However, the Commonwealth failed to include the requisite Pa.R.A.P. 311(d) certification. **See** Pa.R.A.P. 311(d) ("In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution.").

On June 23, 2025, the Commonwealth, having realized its errors, filed, in the trial court, a request for leave to amend its notice of appeal *nunc pro tunc*. **See** Motion for Leave to File Amended Notice of Appeal *Nunc Pro Tunc*, 6/23/25, at 1-2 (Commonwealth requesting *nunc pro tunc* relief to correct defective notice of appeal and asserting assistant district attorney was on vacation as basis for failure to timely correct defect). On June 25, 2025, the

_____

[1] In its notice of appeal, the Commonwealth mistakenly stated that it appealed from "the trial court's [o]rder dated the 19th day of May 2025, which granted the dismissal of the Criminal Complaint." **See** Notice of Appeal, 6/12/25, at 1. However, the Commonwealth attached a copy of the trial court's order granting suppression to the notice of appeal. **See id.** at 3. In the record before this Court there is no order dismissing the criminal complaint entered on May 19, 2025. Nevertheless, in light of our disposition and the Commonwealth's failure to include the requisite Rule 311(d) certification, we decline to remand for the Commonwealth to address this error. **See Commonwealth v. Young**, 265 A.3d 462, 475 (Pa. 2021) (permitting appellate courts to remand, pursuant to Pa.R.A.P. 902, for correction of non-jurisdictional defects in notice of appeal).

trial court granted the Commonwealth's request and, on June 30, 2025, the Commonwealth filed an amended notice of appeal *nunc pro tunc*. **See** Amended Notice of Appeal, 6/30/25. The amended notice of appeal states that the Commonwealth appeals from the order granting suppression and includes the requisite Rule 311(d) certification. **See id.**

On July 29, 2025, Ailey filed an application to quash the Commonwealth's appeal. **See** Application to Quash, 7/29/25, at 1-4 (unpaginated). Ailey argues that Rule 311(d) is a jurisdictional requirement that the Commonwealth must satisfy. **See id.** at 2-3 (unpaginated). Ailey asserts that, where the Commonwealth fails to include the requisite Rule 311(d) certification, the Commonwealth's appeal must be quashed, pursuant to **Commonwealth v. Dugger**, 486 A.2d 382 (Pa. 1985). **See** Application to Quash, 7/29/25, at 2-3 (unpaginated). Ailey acknowledges that the Commonwealth's first notice of appeal was timely filed but contends that the Commonwealth's failure to include the Rule 311(d) jurisdictional requirement is a fatal flaw that cannot be remedied by subsequent filings. **See id.** (citing **Commonwealth v. Malinowski**, 671 A.2d 674 (Pa. 1996)).

On August 2, 2025, the Commonwealth filed an answer in which it concedes, as it must, that its original, timely June 12, 2025 notice of appeal did not include the required Rule 311(d) certification. **See** Answer to Application to Quash, 8/2/25, at 1-3. However, the Commonwealth asserts that it remedied this defect in its *nunc pro tunc* amended notice of appeal. **See id.** at 3-4. The Commonwealth argues that this procedural misstep is

- 3 -

no different than when a trial court reinstates direct appellate rights[,] which is a common occurrence. Further, this instance is also similar to an amendment of a concise statement of matters complained of on appeal, where the trial court[,] at [its] discretion, can allow amendment as long as the request is made prior to the trial court record being forwarded to the Superior Court and before the [t]rial [c]ourt opinion is rendered.

*Id.* at 3. The Commonwealth contends that *Malinowski* is distinguishable because, here, it is not engaged in gamesmanship and has attempted to cure the Rule 311(d) defect in its initial filing. *See* Answer to Application to Quash, 8/2/25, at 4.

This Court has previously explained our jurisdiction over interlocutory appeals from orders granting suppression motions:

The jurisdiction of this Court is generally confined to appeals from final orders of the courts of common pleas. *Commonwealth v. Matis*, [] 710 A.2d 12, 17 ([Pa.] 1998) (citing 42 Pa.C.S.A. § 742). An order is final if it effectively puts a litigant out of court; thus, pretrial orders are ordinarily considered interlocutory and not appealable[.] However, an exception to the final order rule exists in orders of the trial court suppressing evidence the Commonwealth seeks to admit in a criminal trial. A Commonwealth appeal in a criminal case is governed by [Rule] 311, which permits the Commonwealth to take an interlocutory appeal as of right from a pretrial suppression order when the Commonwealth certifies that the order will "terminate or substantially handicap the prosecution." Pa.R.A.P. 311(d); [] *Dugger*, [] 486 A.2d [at] 382[.]

*Commonwealth v. Knoeppel*, 788 A.2d 404, 406 (Pa. Super. 2001) (some citations omitted). Importantly, Pa.R.A.P. 904(e), related to the required content of notices of appeal, states that when the Commonwealth appeals pursuant to Rule 311(d), the notice "**shall** include a certification by counsel that the order will terminate or substantially handicap the prosecution."

- 4 -

Pa.R.A.P. 904(e) (emphasis added). Our Supreme Court has stated, "By definition, 'shall' is mandatory." *Oberneder v. Link Computer Corp.*, 696 A.2d 148, 150 (Pa. 1997).

> Typically, Rule 311(d) is "invoked in appeals addressing the admission or exclusion of evidence." *Commonwealth v. Woodard*, 136 A.3d 1003, 1005 (Pa. Super. 2016) (citation omitted); *see also Commonwealth v. Jones*, 69 A.3d 180, 185 (Pa. 2013) (Commonwealth's appeal of suppression order proper where Commonwealth certifies in good faith that order substantially handicaps prosecution). Additionally, appellate courts have recognized the right of the Commonwealth to appeal several types of non-evidentiary pre-trial orders under Rule 311. *See Woodard*, *supra*; *see also* [*Commonwealth v.*] *Jones*, 826 A.2d [900,] 906 [(Pa. Super. 2003)] ("If the Commonwealth has no opportunity to obtain appellate review of an adverse pre-trial interlocutory order implicating double jeopardy concerns, such review will never occur because the Commonwealth cannot try a defendant for a second time if the first prosecution results in an acquittal."); [*Commonwealth v.*] *Buonopane*, [599 A.2d 681 (Pa. Super. 1991)] (order precluding Commonwealth from seeking death penalty appealable under Rule 311); *Commonwealth v. Johnson*, 669 A.2d 315 (Pa. 1995) (order transferring case from criminal to juvenile court appealable under Rule 311).

*Commonwealth v. Zieglar*, 322 A.3d 256, 262-63 (Pa. Super. 2024) (footnote and emphasis omitted).

Our Supreme Court has held that "failure to comply with the *Dugger* certification renders the suppression order **unappealable**." *Malinowski*, 671 A.2d at 678 (emphasis added). The Supreme Court explained:

> While it is true that an appeal by the Commonwealth of a suppression court ruling is appealable as a matter of right, it is so **only if the Commonwealth certifies that the ruling terminates or substantially handicaps the prosecution**. We have not required the Commonwealth to prove that burden; rather, we have held that it is the certification that precipitates

and authorizes the appeal. **Without the certification, the Commonwealth has no right to appeal**.

*Id.* (citations omitted, emphasis added). Thus, the Supreme Court made clear that the Commonwealth **shall** include the Rule 311(d) certification in its notice of appeal in order to perfect its right to appeal a suppression ruling. *See id.*

Similarly, in *Knoeppel*, this Court determined that a **subsequent** presentation of a Rule 311(d) certification does not cure a defective, but timely filed, notice of appeal. *See Knoeppel*, 788 A.2d at 407. There, we stated:

> In the present case, the Commonwealth failed to include the requisite certification in its notice of appeal. Under *Malinowski*, this defect is fatal; "[w]ithout certification, the Commonwealth has no right to appeal." *Malinowski*, 671 A.2d at 678. The inclusion of the certification in the Criminal Docketing Statement or in the Commonwealth's appellate brief does not cure the defect.

*Id.*[2]

Additionally, in *Commonwealth v. Chism*, 216 A.3d 1133, 1137 (Pa. Super. 2019), this Court addressed a procedural snafu similar to the instant case. In *Chism*, the Commonwealth filed a timely notice of appeal from an order granting suppression but failed to include the requisite Rule 311(d) certification. *See id.* at 1135. However, the Commonwealth filed a subsequent untimely amended notice of appeal, which included a Rule 311(d) certification. *See id.* Nevertheless, this Court concluded that the original, timely, notice of appeal was defective for failure to include the requisite

---

[2] We note that *Dugger* has been superseded by Rule 311(d). *See* Pa.R.A.P. 311(d) cmt.; *Commonwealth v. Dixon*, 907 A.2d 468,471 n.8 (Pa. 2006).

certification under **Dugger** and **Malinowski**. **See Chism**, 216 A.3d at 1136-37. We addressed the untimely amended notice of appeal as follows:

> Moreover, we cannot conclude that the subsequent inclusion of a Rule 311(d) certification in the amended notice of appeal that the Commonwealth filed with this Court cured the defect of the lack of certification in the original notice of appeal. **See Knoeppel**, 788 A.2d at 407 (explaining that subsequent inclusion of the certification does not cure the defect). Even if it could serve as a cure to the defective original notice of appeal, the record does not indicate that the Commonwealth ever filed the amended notice of appeal with the trial court and[,] in any event, the Commonwealth filed it with this Court on February 19, 2019, well after the 30-day period.
>
> * * *
>
> In short, because the Commonwealth's original notice of appeal lacked Rule 311(d) certification, the notice of appeal was defective, and the Commonwealth's untimely amended notice of appeal did not cure this defect.

**Id.** at 1137 (some citations omitted).[3]

Instantly, the procedural posture of this case is nearly identical to that in **Chism**. Here, the Commonwealth filed a timely notice of appeal on June

---

[3] We observe that the Commonwealth, in its answer to the application to quash, asserts that the holding in **Chism** urged it to seek *nunc pro tunc* relief and to file the amended notice of appeal in the trial court first. **See** Answer to Application to Quash, 8/2/25, at 5. We disagree with this characterization of the holding in **Chism**. In our view, this Court, in **Chism**, noted that two of the many issues with the amended notice of appeal were its untimeliness and improper filing. **See Chism**, 216 A.3d at 1137. Further, this Court clearly did not rule on whether an amended untimely notice of appeal, with *nunc pro tunc* relief or not, could even cure the Rule 311(d) defect under **Knoeppel**. **See Chism**, 216 A.3d at 1137 (this Court stating "**Even if** [the amended notice of appeal] could serve as a cure to the defective original notice of appeal . . .") (emphasis added). It is clear that the **Chism** Court was merely highlighting the numerous procedural pitfalls before it. Thus, any inference the Commonwealth may have intuited from **Chism** is erroneous and misplaced.

12, 2025, but failed to include the requisite Rule 311(d) certification. As such, this original notice of appeal was defective and the Commonwealth had no right to appeal. *See Dugger*, *supra*; *Malinowski*, *supra*; *see also* Pa.R.A.P. 311(d).

Nevertheless, we are cognizant that, here, the Commonwealth sought *nunc pro tunc* relief, which the trial court granted, and the Commonwealth filed a *nunc pro tunc* amended notice of appeal with the trial court that purported to cure the Rule 311(d) defect in its original notice of appeal. In particular, the Commonwealth sought *nunc pro tunc* relief to correct its defective notice of appeal because the assistant district attorney was on vacation and, as a result, failed to correct the defective filing prior to the expiration of the 30-day appeal window, which resulted in a loss of the Commonwealth's right to appeal. *See* Answer to Application to Quash, 8/2/25, at 1 (explaining assistant district attorney was on vacation and could not timely have corrected defective June 12, 2025 notice of appeal).

We conclude that the trial court's grant of *nunc pro tunc* relief is a legal nullity. Our appellate rules generally prohibit a trial court from taking action after an appeal is taken. *See* Pa.R.A.P. 1701(a) ("[e]xcept as otherwise prescribed by these rules, after an appeal is taken . . . the trial court . . . may no longer proceed further in the matter"); *see also id.* at (b) (setting forth exceptions). "[U]nder [our a]pellate [r]ules . . . a trial court has no jurisdiction over a case until an appellate court returns the record to it with instructions for the trial court to proceed. Otherwise . . ., the trial court risks following an

- 8 -

appellate decision that may not ultimately be the final law of the case." ***Commonwealth v. Harris***, 230 A.3d 1124, 1127 (Pa. Super. 2020). This Court has also held that "Rule 1701 provides **no exceptions** that would have permitted the trial court to enter a valid order granting leave to appeal *nunc pro tunc*" after a party filed its first notice of appeal with this Court and **before** the record was remanded to the trial court. ***Bell v. Kater***, 839 A.2d 356, 358 (Pa. Super. 2003) (emphasis added). Thus, the trial court lacked the authority to grant *nunc pro tunc* relief in this case and, therefore, the order granting the Commonwealth *nunc pro tunc* relief to file an amended notice of appeal with a corrective Rule 311(d) certification is a legal nullity. ***See*** Pa.R.A.P. 1701(a); ***Bell***, ***supra***.[4]

_____

[4] Furthermore, even if *nunc pro tunc* relief could be granted under these circumstances, which it cannot, such relief is inappropriate based upon the facts in this case. Generally, *nunc pro tunc* relief is reserved to "vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances." ***Commonwealth v. Stock***, 679 A.2d 760, 764 (Pa. 1996). Instantly, there is nothing about these circumstances that is extraordinary and we note that Rule 311(d) is not a new rule and does not impose any hardship upon the Commonwealth. ***See Malinowski***, ***supra*** (Commonwealth **not required to prove** termination or substantial handicap; **mere certification is sufficient**). Additionally, there is nothing in the record before us that would demonstrate a breakdown in the operation of the court such that *nunc pro tunc* relief would be warranted. ***See Commonwealth v. Williams***, 893 A.2d 147, 150 (Pa. Super. 2006) (trial court abused discretion in granting Commonwealth *nunc pro tunc* relief to file notice of appeal where no extraordinary circumstances or breakdown in court operations existed). Therefore, even if the trial court could have granted *nunc pro tunc* relief, we would conclude that the trial court abused its discretion in doing so. Under either approach, the trial court's order granting *nunc pro tunc* relief is a legal nullity.

Moreover, as set forth above, our case law mandates that the Commonwealth cannot remedy a defective original notice of appeal, in the case of a Rule 311(d) certification, with a subsequent filing. *See Chism*, *supra*. Indeed, in line with our decisions in *Knoeppel* and *Chism*, the Commonwealth cannot cure a Rule 311(d) defect with a subsequent filing.[5] Therefore, the Commonwealth's untimely amended notice of appeal does not and cannot cure the Rule 311(d) defect. *See Knoeppel*, *supra*; *Chism*, *supra*. Accordingly, we grant Ailey's application to quash and quash this appeal.[6]

_____

[5] We are cognizant of our Supreme Court's discussion in *Young*, on whether appellate courts have authority to correct defective notices of appeal. *See Young* 265 A.3d at 475-78. In particular, we note that our Supreme Court explained, "we should clarify that, under [Pa.R.A.P.] 902, appellate courts have discretion to remand a timely-filed notice of appeal to the lower court to remedy a **non-jurisdictional defect**." *Id.* at 475 (emphasis added). As explained above, a Rule 311(d) defect is a **jurisdictional defect** which we are without authority to remand for correction. *See id.* Therefore, we are unable to remand a Commonwealth notice of appeal to cure a Rule 311(d) defect. Thus, *Young* further leads us to the conclusion that Rule 311(d) may not be corrected by subsequent filings, even if that filing is an amended notice of appeal.

[6] In reaching this conclusion, we emphasize that, at this time, we make no determination on whether a timely notice of appeal with a Rule 311(d) defect, followed by a timely filed amended notice of appeal purporting the cure the Rule 311(d) defect, could still comport with the requirements of 311(d). Our case law makes clear that the Commonwealth may not cure a Rule 311(d) defect with subsequent filings. *See Knoeppel*, *supra*; *Chism*, *supra*. We note that the subsequent filings in *Knoeppel* were not amended notices of appeal and the subsequent filings in *Chism* were untimely filed outside of the 30-day appeal window set forth in Rule 903(a). However, that procedural posture is not before this Court.

Application to quash granted.  Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/31/2025